## YOUNG *v.* HARVEY.

Whether a suit can be maintained, or not, against the owner of an unin-closed lot which formed part of a public common, who dug a pit thereon and left it insufficiently covered, for the value of a gelding which fell into the pit and was killed, depends upon the probability there was that such accident might happen from leaving the pit exposed, considered, perhaps, in connection with the usefulness of the act or thing causing the danger.

If the probability of injury was so strong as to make it the duty of the owner of the lot, as a member of community, to guard that community from the danger to which the pit exposed its members in person and property, such owner is liable to an action for loss accruing through his neglect to perform that duty.

Under the circumstances of the case, the probability of injury to others from leaving the pit thus exposed, was not only strong, but amounted almost to a certainty.

APPEAL from the *Marion* Common Pleas.

PERKINS, J.—*Young* sued *Harvey* for the value of a horse alleged to have been killed through the negligence of the latter. The facts in the case are as follows:

*Harvey*, the defendant, commenced digging a well upon a lot owned by him. He sunk it to the depth of six feet, being forty-two inches across, and then abandoned it. It was located in an uninclosed lot, near the line of a street, in a suburb of *Indianapolis*, but without the corporate limits. It

remained a long time in this condition, except that it was sometimes partially covered over with loose boards, never entirely, and most of the time not at all. The hole, or pit, was useless. The city of *Indianapolis*, in a suburb of which the well was, contained 25,000 inhabitants, a very large number of whom were in the habit, or custom, of keeping cows, horses, and hogs, and permitting them to graze, especially during the day, upon the public commons; of which there was a great extent, and almost always covered with the kind of animals above mentioned, in the vicinity of the lot on which the hole in question was dug, and of which commons said lot formed a part. Children sported and adults promenaded on said commons. The county board of *Marion* county, in which is *Indianapolis* and its suburbs, had authorized the running at large on the public commons of all animals, except certain stud horses and jack asses. The order of the board was admitted in evidence without objection. On a certain day the gelding of the plaintiff, while grazing on said commons, fell into said hole, so made as the commencement of a well, and was killed. This suit is for his value in damages. The Court below held that it could not be maintained.

Whether it can be, or not, depends upon the degree of probability there was that such accident might happen from thus leaving exposed the partially dug well, considered, perhaps, in connection with the usefulness of the act or thing causing the danger. *Durham* v. *Musselman*, 2 Blackf. 96.

If the probability was so strong as to make it the duty of the owner of the lot, as a member of the community, to guard that community from the danger to which the pit exposed its members, in person and property, he is liable to an action for loss occurring through his neglect to perform that duty.

We think any reasonable man, of ordinary understanding and extent of observation of the ways of life, would say that the probability of injury to others, under the circumstances, from leaving the well in question in the condition it was, was not only strong, but that it amounted almost to certainty— a probability as strong as would arise from an unguarded cellar on a street in the city. We think *Harvey* was guilty

May Term,
1861.

of negligence, and should be held liable to pay for the horse killed. See 1 Hill, on Torts, p. 119.

The judgment is reversed, with costs. Cause remanded for another trial.

*J. W. Gordon* and *J. A. Beale*, for the appellant.

*G. K. Perrin*, for the appellee.

(1.) A petition for rehearing was overruled in this case.