————o————

JOHN CRAFTON, Respondent, *vs.* THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

1. *Damages—Railroads—Killing stock—Negligence.*—In unloading salt at a depot by the railroad employees, some of it was spilled, and afterwards a cow was killed by the cars at this point, presumably attracted thither by the salt: *Held*, that it was negligence to leave this salt on the track, and the railroad was liable.

*Appeal from Linn Circuit Court.*

*Carr, Hall & Oliver,* for Appellant.

*George W. Easley,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action by plaintiff against the railroad company for killing a cow belonging to him, commenced before a justice of the peace, and taken by appeal by defendant to the Circuit Court.

Upon the trial the evidence conduced to prove that the cow had been killed by an engine of defendant. The evidence also conduced to show that the defendant had, on the day previous to the night the cow was killed, unloaded some salt,

and some of the salt had been spilled on the track, which attracted cattle. The cow was found dead on the track near this salt, the next morning, and when skinned, the sides seemed to be bruised, &c. The evidence showed the cow to be worth forty dollars, and the jury found a verdict for that amount, for which the court rendered judgment. When the evidence was closed, and before the case was submitted to the jury, the defendant demurred to the evidence, but the court overruled the demurrer, and the defendant excepted and, after filing a motion for a new trial, which was overruled, has brought the case here by appeal.

The only point made is that there was no evidence of negligence on the part of the defendant and, if there was, the plaintiff was guilty of contributory negligence by letting his cow run out when he had notice that there was salt spilt on the road. The evidence, in my judgment is amply sufficient to prove negligence in the servants of defendant, in leaving salt on the track, which it is well known will attract cattle. Although the plaintiff may have known salt was on the track, it was not his, but the defendant's, business to remove it. And he might well presume, that the defendant's servants would attend to their own business without any prompting from him.

Judgment affirmed with the concurrence of the other judges.