## WILLIAMSON PAGE v. N. C. RAILROAD COMPANY.

Where the hogs of the plaintiff were attracted to the warehouse of the defendant by the drippings of molasses from defendant's cars, and were killed by the trains suddenly starting or approaching without the usual alarm, it was such negligence as entitled the plaintiff to damages.

Civil action to recover the value of certain stock, tried at the January (Special) Term, 1874, of Wake Superior Court, before his Honor, *Judge Tourgee.*

Certain hogs and other of his stock, the plaintiff alleged, had been killed on the railroad of the defendant by the cars and engines.

It was in evidence that the hogs were killed at various times at the defendant's warehouse, to which they had been attracted by the drippings of molasses on the track from the cars. Some were killed by the trains rushing up to and beyond the station at a very rapid rate; others, being under the cars, by the engine suddenly starting without blowing the whistle or giving any alarm.

An ox was killed by an extra freight train before sundown, in a cut and on a curve. The animal could not have been seen much more than 200 yards; that the train could not have stopped under 300 yards, but that its rate of speed could easily have been so checked as to prevent injury to the ox within the 200 yards.

A cow was killed by an extra passenger train running at an unusually high rate of speed, and that the train could have been stopped. No alarm was given nor was the speed of the engine lessened.

The following charge was submitted by his Honor:

1. If the jury believe the hogs were killed at the station by an in-coming train, it was negligence.

2. If the jury believe the hogs were so killed by an outgoing train which left without whistling, it was negligence.

3. If the jury find that the ox was killed by the defendant's

freight train which, running on schedule time, could have been slackened so as not to overtake the animal in a distance of from 100 to 200 yards, and at that place it might have been sighted at a distance of from 200 to 300 yards, it was negligence.

4. If the cow was killed in a cut on a crooked part of the road by a fast running extra passenger train, which might have been stopped in 100 yards and could have run 200 yards before reaching the animal, it was negligence.

The jury returned a verdict for the plaintiff. Motion by defendant for a new trial ; motion refused. Judgment in accordance with the verdict and appeal by defendant.

*Smith & Strong* and *Battle & Son*, for appellant.
*Fowle* and *Busbee & Busbee*, contra.

BYNUM, J. The counsel for the defendant very properly admitted the liability of the company for the cattle killed in the manner set forth in the case stated. He, however, excepts to the charge of his Honor in reference to the hogs. The charge is to be construed not abstractly, but in reference to the evidence, about which there is no dispute. That evidence is that the hogs were killed at the warehouse of the defendant at Morrisville station, being attracted upon the road track by molasses which had dripped upon the track from the defendant's cars, and while there were killed at various times, some by the train rushing up to and beyond the station at a very rapid rate, and others, being under the cars, by the engine suddenly starting without blowing the whistle or giving any alarm. This unquestionably was negligence in the company and would have justified the Court in instructing the jury that if they believed the evidence they should find for the plaintiff. The Court did charge that these several acts constituted negligence. In that there is no error.