# The Peoria and Rock Island Railway Company

## *v.*

## George McClenahan.

1. Judgment — *limited to amount claimed in justice's summons.* In actions originating before justices of the peace, the plaintiff's recovery is limited to the amount of his demand indorsed on the summons.

2. Railroads — *duty as to keeping excavations free from water or ice.* The law does not require a railway company to keep the excavations along the sides of its track free from water and ice, and it will not be liable for stock killed in consequence of ice therein, so as to prevent escape from the track, over the same.

Appeal from the Circuit Court of Stark county; the Hon. J. W. Cochran, Judge, presiding.

436    PEORIA AND R. I. RY. CO. *v.* McCLENAHAN. [Sept. T.

Opinion of the Court.

Messrs. INGERSOLL & PUTERBAUGH, for the appellant.

Per CURIAM: This was an action originally commenced before a justice of the peace, by appellee, to recover the value of a cow and calf killed upon the railroad track of appellant.

The record discloses two errors, for which the judgment must be reversed.

The first is, the judgment rendered in the circuit court exceeded the demand of appellee, endorsed upon the back of the summons.

The law is well settled that in actions commenced before a justice of the peace, the recovery is limited to the demand endorsed upon the back of the summons. In this case the demand was $50, and the judgment rendered in the circuit court was for the sum of $56.50.

At the request of appellee, the court gave to the jury the following instruction: "If the jury believe from the evidence that the said railroad company had made excavations along the side of the track of their road, and had negligently suffered said excavations to fill with water, and to freeze, so as to prevent the escape of said cow from said railroad track, and said cow was prevented from escaping in consequence thereof, and was killed by the defendants' train, then the defendants are liable to the plaintiff for the value of the cow and calf so killed, deducting what said stock was worth after it was killed."

This instruction was erroneous. The law does not require a railroad company to keep the excavations along the side of its track free and clear from water or ice.

In the construction and keeping in repair of the road bed, appellant, no doubt, necessarily made the excavations on each side of the track. In many instances it might be impracticable, if not impossible, to keep the excavations free from water and ice. To impose a requirement of this character upon appellant would not be just, neither is it sanctioned by the law.

The instruction should not have been given. For the two errors indicated the judgment will be reversed and the cause remanded.                          *Judgment reversed.*