## HAUGHEY v. HART.

1. **Negligence:** STOCK RUNNING AT LARGE: OPEN PIT ON LAND NOT INCLOSED: INJURY TO HORSE FALLING THEREIN. In a county where stock is not restrained from running at large, the owner of a horse is not chargeable with negligence in permitting him to stray upon the uninclosed and uncultivated land of another. But, where defendant dug a well adjacent to the highway upon her uninclosed and uncultivated land, at a place which she knew was frequented by stock running at large, and left the same unguarded and uncovered, she was guilty of negligence, and was liable in damages to plaintiff, whose horse, while lawfully running at large, fell into the well and was killed.

*Appeal from Buena Vista Circuit Court.*

FRIDAY, OCTOBER 19.

THIS is an action to recover damages for the value of a horse which, it is alleged, was killed by falling into an unfinished well, which the defendant left open and unprotected upon her uninclosed land. There was a demurrer to the petition, which was sustained, and plaintiff appeals.

*Snelling & Irwin*, for appellant.

*Gregory & Bailie*, for appellee.

ROTHROCK, J.—The following is a copy of the petition to which the demurrer was sustained:

"That the defendant was for the six months last past and is now the owner of the following described premises, to-wit: The north half of the northeast quarter of section 29, Grant township, Buena Vista county, Iowa; and that said premises were in the month of January, 1883, and still are, unfenced.

"That defendant caused and permitted to be dug on said unfenced premises a certain dangerous excavation or well, which was and is immediately adjacent to the highway, and knowingly and negligently permitted the same to remain wholly uncovered and unguarded, although she well knew and had been advised that said dangerous excavation was frequented by stock that was running at large. Yet, notwithstanding these facts, she still permitted said dangerous and unsafe excavation to be and remain in the same unsafe condition, and removed from said premises, leaving no one in charge thereof, and taking no precaution whatever to prevent stock from falling into said excavation or well.

"The plaintiff further states that the police regulation, restraining stock from running at large, is not now and never has been in force, as by statute provided, in the county of Buena Vista, Iowa.

"That in and during the month of January, 1883, a certain cream-colored horse belonging to the plaintiff, without any negligence on his part, strayed onto the premises of this defendant, and fell into said dangerous well or excavation, and was thereby killed, without any fault or negligence on the part of this plaintiff."

The demurrer is based upon several grounds, two of which only need be mentioned. It is claimed in one of these grounds "that there are no facts showing that the negligence of defendant caused the death of the horse." The other is that "said petition does not show that said horse was lawfully on defendant's premises at the time of the injury complained of."

The facts upon which the alleged negligence is based, briefly stated, are that the land of the defendant is unfenced, and that upon the land, and immediately adjacent to a highway, she made a dangerous excavation, and negligently allowed the same to remain uncovered, although she well knew that the place where said excavation was situated was frequented by stock running at large. Was this negligence for which plaintiff was liable? We think the liability depends upon the fact whether or not the plaintiff's horse was rightfully running at large upon defendant's premises. It is claimed that, as the county of Buena Vista has not restrained stock from running at large, the horse was rightfully at the place where he was killed. It was long ago held in this state that the owner of cattle running at large upon the land of another was not liable in trespass. In other words, it was held that cattle were free commoners, and that the mere fact of permitting cattle to run at large is not a ground of imputing negligence to the owner. *Wagner v. Bissell,* 3 Iowa, 396; *Heath v. Coltenback,* 5 Id., 490; *Alger v. Miss. & Missouri R'y Co.,* 10 Id., 268. And this is the law of this state at the present time, excepting in those counties where stock is restrained from running at large. What the rights of owners of stock in such counties are we need not determine.

The plaintiff was not chargeable with negligence in allowing his horse to run at large upon the uninclosed land of another. At least, this must be so, unless it should appear that he was injuring the crops of the plaintiff at or near the uncovered well. Whether or not this would, under the law, change the rule above announced, we need not determine in this case.

In the case of *Young v. Harvey,* 16 Ind., 314, the defendant commenced digging a well on an uninclosed lot owned by him in a suburb of Indianapolis. After sinking the well to the depth of six feet, he abandoned it and left it uncovered. The hole or pit was useless. The horse of plaintiff,

while lawfully grazing on the common, fell into the well and was killed. It was held that an action for damages could be maintained by the owner of the horse. The opinion in that case appears to be based upon the thought that, owing to the large number of animals which were allowed to graze upon the premises, there was a strong probability of injury and damages arising from the unprotected excavation.

In Shearman & Redfield on Negligence, p. 599, it is said: "Of course, it is culpable negligence to leave a pit or other excavation in such an unguarded state as to cause injury to a person having a right to be upon the land, and using that right with ordinary care." In Addison on, Torts, 201, it is said: "Every occupier of land, who allows wells or mining shafts to remain on his land unguarded and unprotected, is responsible in damages to all persons falling into them, provided they were lawfully traversing the land on which the shaft or well existed, and fell into it without any negligence or misconduct on their part; but if they were at the time trespassers on the land, and the well or shaft was more than twenty-five yards from a public carriage way, they will not be entitled to recover." The reference to the rights of the parties within twenty-five yards from a public carriage way is made, because of the provisions of the general highway act in England.

It appears from these authorities that the rights of the parties are made to turn upon whether or not the injured person or animal was, at the time of receiving the injury, rightfully upon the defendant's premises. And in the case of *Young v. Harvey, supra*, stress is laid upon the fact that there was a strong probability of injury by reason of the large number of animals grazing upon the common. We think that, if the owner of unimproved and unbroken land should make an excavation thereon at a place remote from where stock is accustomed to roam, and leave the excavation uncovered, he should not be held liable for injuries to animals falling into it. But it is averred in the petition that

the excavation was immediately adjacent to a highway, and in a place which the defendant knew was frequented by stock running at large. In such case, we think the omission to cover or protect the excavation was negligence. The question of negligence, or freedom from negligence, should be determined by the other question, whether or not a person exercising reasonable care and prudence would apprehend that there was a probability of injury to persons or animals by reason of the excavation. We think the demurrer should have been overruled.

REVERSED.