Filed Feb. 1, 1884.

---

No. 11,197.

## HENRY v. DENNIS.

BILL OF EXCEPTIONS.—*Filing.*—*Time Beyond Term.*—*Record.*—When time is given beyond the term in which to file a bill of exceptions, and it appears to have been filed within the time given, under section 629, R. S. 1881, such bill is a part of the record.

NEGLIGENCE. — *Fish-Brine.*— *Public Street.* — *Intervening Agency.*— *Remote Damages.*—Where the defendant negligently placed and left exposed an open barrel of fish-brine upon a public street in a city, where the plaintiff's cow was lawfully running at large, such defendant is guilty of an actionable wrong; and where it appears that such cow, without fault of its owner, ate or drank of such fish-brine and was thereby poisoned and killed, the act of an intervening agent, between the original wrong and the injury, in pouring the brine from the barrel into the street, will not prevent a recovery from the original wrong-doer, where such act is a natural or probable consequence of the original wrong.

From the Montgomery Circuit Court.

*E. C. Snyder* and *J. R. Courtney*, for appellant.

*G. W. Paul* and *J. E. Humphries*, for appellee.

HOWK, C. J.—In this case the appellant, Henry, sued the

appellee, Dennis, before a justice of the peace of Montgom-
ery county.   Before the justice the appellant recovered judg-
ment, and the defendant appealed to the circuit court of the
county.   The cause was there tried by a jury, and a verdict
was returned for the appellee, and over appellant's motion for
a new trial, judgment was rendered against him for appellee's
costs.

The only error assigned by the appellant in this court is the
overruling of his motion for a new trial.  Before considering
the grounds upon which the appellant's counsel claim the re-
versal of the judgment below, it is necessary to a proper un-
derstanding of the case, that we should briefly state the facts
constituting the cause of action.   In his complaint the ap-
pellant alleged that, on the 15th day of June, 1882, he was
the owner of a milch cow, of the value of $100, and con-
tinued to own such cow until her death; that on or about
the 16th day of June, 1882, in the city of Crawfordsville,
Montgomery county, Indiana, the appellee negligently, care-
lessly, and unlawfully placed, caused to be placed, and suf-
fered to remain on the outer edge of the sidewalk, at his place
of business in said city, a barrel or barrels containing fish-
brine; that said fish-brine was poisonous, and dangerous to
the life of cattle eating or drinking the same; that on or
about the last named day, without any fault on the appellant's
part, and by reason of the careless, negligent and unlawful
conduct of the appellee in suffering said fish-brine to be placed
and remain on said sidewalk, and while the same was care-
lessly, negligently and unlawfully suffered to remain upon
said sidewalk, the said cow ate and drank of said fish-brine,
and thereby, from so eating and drinking such fish-brine, was
poisoned and became sick, and died, to appellant's damage
$100.   Wherefore, etc.

In appellant's motion for a new trial, the first cause there-
for was that the court erred in giving the jury, at appellee's
request, instructions numbered from one to four inclusive, and
each of them.   Of these instructions the appellant's counsel

complains, in argument, only of the second one.   This instruction reads as follows:

" 2.  Before you can find for plaintiff you must be satisfied that the plaintiff has proved by a preponderance of the evidence that the cow of plaintiff did drink fish-brine out of a barrel that defendant had put out where the cow could get it, and did die from the effects of the fish-brine so drank."

Appellant's counsel insist that this instruction is wholly inapplicable to the case made by the complaint or the evidence, and is, therefore, erroneous.   This position seems to be well taken.   It was not necessary that the appellant should prove by a preponderance of the evidence that his cow drank the fish-brine out of a barrel before he would be entitled to a verdict.   He had not averred in his complaint that his cow ate and drank the fish-brine out of a barrel, and, therefore, the instruction complained of was not applicable to the case stated in the complaint.   Was the instruction applicable to the case made by the evidence?   It is insisted very earnestly by appellee's counsel, that the bill of exceptions, containing the evidence and instructions of the court, constitutes no part of the record, because, they say, the bill was filed in vacation, and the record fails to show that time was given beyond the term in which to file such bill.   It is true that the bill of exceptions was filed in vacation, but counsel simply mistake the record when they say it fails to show that time was given beyond the term in which to file the bill.   The record shows, under date of June 27th, 1883, that "the court, being advised, overrules the motion for a new trial of this cause, to which ruling of the court the plaintiff excepts, and sixty days are given in which he may file his bill of exceptions."   It is further shown by the record, that the bill of exceptions was filed on August 9th, 1883, within the sixty days given by the court, and it properly constitutes a part of the record.   It is clear that the bill of exceptions containing the evidence and instructions, having been filed in the cause within the time

Henry *v.* Dennis.

given, became a part of the record. Section 629, R. S. 1881; *Loy* v. *Loy*, 90 Ind. 404.

We can not say that the instruction complained of, if it had contained a correct statement of the law, would not have been applicable to the case made by the evidence. We are of opinion, however, that the court erred in giving the jury the instruction quoted. It proceeds upon the theory that the negligence of the appellee, for which he was chargeable, consisted solely in putting a barrel, containing the fish-brine, on a public street in the city of Crawfordsville, where the appellant's cow could get at it; and it told the jury that they could not find for the appellant unless the evidence showed that the cow drank the fish-brine out of the barrel, and died from the effects of what she drank out of the barrel. There was evidence before the jury tending to prove that a passer-by in the early morning found two or three cows about the barrel, and one with her head in the barrel containing the fish-brine; that he attempted to drive the cows away from the barrel, and not succeeding in this he emptied the brine out of the barrel into the street, and that the cows then licked up so much of the brine as they could from the street. It was upon this evidence the court instructed the jury that they could not find for the appellant unless the evidence showed that his cow had died from the effects of the fish-brine she had drunk out of the barrel. It is insisted by the appellant's counsel that the act of the passer-by, in pouring the brine into the street, was a natural and probable consequence of the negligent act of the appellee in leaving the brine in an exposed and unsafe place and condition; and that, therefore, the appellee was liable for the loss of the cow, although he did not authorize the pouring of the brine into the street, and even if the evidence had shown that the death of the cow had resulted from the effects solely of the brine and salt licked from the street. We concur fully with appellant's counsel in this view of the question. The instruction quoted is not the law as applied to this case. *Binford*

v. *Johnston*, 82 Ind. 426 (42 Am. R. 508), and cases cited; Cooley Torts, p. 78; *Gray* v. *Boston Gas Light Co.*, 114 Mass. 149.

The court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, with costs, and the cause remanded for a new trial.

