KANSAS CITY, SP. & M. RY. CO. v. KIRKSEY.

RAILROADS: *Duty to stock owners.*

> The duty of railroad companies to avoid unnecessary injury to stock upon their tracks does not require them to keep their entire right of way clear of obstructions which conceal stock from view of the engineer of the train until they rush upon the track unseen, and too late to avoid the injury.

APPEAL from *Craighead* Circuit Court.
Hon. W. H. CATE, Judge.

*Newman Erb* and *Caruth & Erb*, for appellant.

1. Negligence is the omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do. *11 Exch., 784; 95 U. S., 439; Cooley on Torts, p. 630.*

In the proof of negligence, plaintiff must first show the existence of a duty which defendant owed him, and then must show a failure to observe this duty. *Cooley on Torts, pp. 659, 661.*

Ordinary care in the management of their trains is the measure of vigilance exacted of railroads in their relation to owners of stock. They are to use all reasonable efforts to avoid harming them after discovering them.

The court erred in charging the jury that they could find the railroad guilty of negligence in allowing bushes to grow on their right of way, or that it was the duty of the company to keep its right of way free from such obstructions to the view. This may be true as between the company, as a carrier, and its passengers, but it is not its

duty as to stock owners. It owed appellee no such duty. *Thompson on Negl*, pp. 1236-40 ; 39 *Ark.*, 413, 419 ; 40 *ib.*, 336.

2. The train men did all they could to avoid injuring the animal. It was clearly a case of *casus*, or unavoidable accident. *Wharton on Negl.*, 116.

COCKRILL, C. J. This action was brought by the appellee against the railroad company to recover damages for an injury to his mule, caused by one of appellant's moving trains. The plaintiff relied upon the statutory presumption of negligence, and the company undertook to overcome the presumption by the evidence of the train hands, to the effect that everything that could be done to prevent the accident, was done. There was, however, evidence tending to show that outside of the ditch, at the foot of the embankment where the mule was killed, there was a clump of bushes on the company's right of way, behind which the animal was standing as the engine approached, and it was hid thereby from the trainmen's view; that as the train approached, the mule rushed suddenly out of the bushes and upon the track, where it was unavoidably struck by the engine and killed. Upon this branch of the case the court charged the jury as follows:

"The railroad company being assumed to be the owners and to have control of the right of way, would be held to ordinary care and diligence in keeping the right of way in such condition that its officers and servants, engineers and firemen could have a free and unobstructed view of the right of way from the locomotive. Now, if you find that this mule was killed without fault on the part of the company or its servants, and they used every possible means to avoid the calamity, but it happened in spite of everything that could be done, then you will find for the de-

1. RAILROADS: Duty to owners of stock.

fendant. This must be shown by a preponderance of proof. Otherwise you will find for the plaintiff; and it is the duty of the company to keep their right of way in such a condition that its employes and. agents could have a proper view of it; such as is necessary for the safe operation of its trains. In this case, if you find that the clump of bushes was outside of the right of way, you need not consider that any further. But if it is inside the right of way, then you will look to see if it contributed to the accident; and, if so, then you will entertain it. But if it did not contribute, then you will not entertain it."

The jury were thus left at liberty to find that it was negligence which would authorize a recovery, for the company to permit bushes to grow upon its right of way, and they returned a verdict for the appellee.

It may be that the charge announces the rule that should govern when the relation of the company to its passengers or the owner of live stock to which it has assumed the obligation of a common carrier, is considered; or when its duty to one who is crossing its track upon a highway and is prevented by the undergrowth upon the right of way from seeing an approaching train, is involved, as was the case of *Dimick v. Railroad, 80 Ill., 338.* But the question is, what was its duty to the plaintiff in this case? The first requisite to establish negligence, is to show the existence of a duty due to the party· aggrieved, and then a violation or neglect to perform that duty. *Cooley Torts, pp. 659–60.* The railroad's obligation as a carrier, or its duty to a person rightfully upon its track, are not coincident with the negative duty not to injure, unneccessarily, stock that wanders upon its right of way and track. It is held to a rigid observance of its public duties, but as to stock straying upon its right of way, its obligation is not different from that of other owners or occupants of real

estate. *P., Ft. W. & C. Ry. v. Bingham, 29 Ohio St., 364.*
The statute has placed no obligation upon the railroad in
that respect, and the rights and liabilities of the company
and stock owner are governed by the common law. The
company is not required to fence out the stock, and the
stock owner enjoys the passive license of free pasturage
upon its open premises as upon those of natural persons,
without being held to accountability as a trespasser. *L.
R. & Ft. S. Ry. v. Finley, 37 Ark., 562.* The technical
wrong that the land owner suffers by the entry of an-
other's stock is regarded as too slight to engage the atten-
tion of the law is *damnum absque injuria.* But the privilege
of entry and free pasturage is not a right which can be
demanded and enforced—it is only an immunity from suit
or punishment, and the company or other land owner is
under no obligation to expend money or labor in prepar-
ing the land for a convenient or a safe enjoyment of it.
*Ill. Cent. Ry. v. Carragher, 47 Ill., 333; Hughes v. Han. &
St. Jo. Ry., 66 Mo., 325; P. & B. I. Ry. v. McCanahan, 74
Ill., 435; P., Ft. W. & C. Ry. v. Bingham, sup.*

One who suffers his stock to go at large, takes upon
himself the ordinary risks incident to it. He takes the
permissive pasturage with its accompanying perils. *Knight
v. Abert, 6 Penn. St., 472.* To him the land owner owes no
duty prior to the entry of his stock upon the premises,
unless it be to refrain from unnecessarily attracting or
drawing them into a place of danger, as in *Jones and Nor-
ris v. Nichols, 46 Ark., 207; Crafton v. Ry., 55 Mo., 580;
Page v. N. C. Ry., 71 N. C., 222,* and after they are upon
the premises he owes only the negative duty of avoiding
any injury to them which the exercise of ordinary care at
that time would prevent.

The language of the court in the *L. R. & Ft. S. Ry. v.
Henson, 39 Ark., 413, 419,* that a railroad company owes no

24-48

duty to the owner of stock which has strayed upon its track, except to use ordinary or reasonable care at the time to avoid injury to it; and in the case of the same appellant v. *Holland*, in the *40 ib., 336*, that "ordinary care in the management of their trains in the measure of vigilance which the law exacts of railroads in their relations to the owners of such animals," is strictly applicable to this case. This measure of vigilance does not require a lookout over the entire breadth of the right of way, and an apprehension of danger whenever an animal is discovered upon it. *Railroad v. Rudmond, 11 Lea, 205, 211; Edson v. Cent. Ry., 40 Iowa, 47; P., P. & J. Ry. v. Champ., 75 Ill., 577; Railroad v. Holland, sup.* How then can it be said that the company owes him the duty of keeping the right of way in such condition as to afford its employes a view of it?

The charge was erroneous, and the judgment is reversed, and the cause will be remanded for a new trial.