CLARENCE J. FALES *vs.* LUTHER A. COLE.

Berkshire.    September 9, 1890. — February 27, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Defective Division Fence — Death of Animal — Proximate Cause.*

The owner of pasture land, who is bound by an assignment under the Gen. Sts. c. 25, (Pub. Sts. c. 36,) to maintain a division fence, is not liable for the death of a colt, the property of the owner of the land fenced against, which strays therefrom into the pasture because of the insufficiency of the fence, and, falling into a narrow depression or hole therein, is unable to get up, and there struggles until it dies.

TORT, for causing the death of the plaintiff's colt through the alleged insufficiency of a division fence which the defendant was bound to keep in repair. Trial in the Superior Court, before *Staples*, J., who ruled that an assignment of the division fence was invalid, and that, on the evidence, the plaintiff was not entitled to recover, ordered a verdict for the defendant, and reported the case for the determination of this court. If the ruling was right, that on the evidence the action could not be maintained, the verdict was to stand; otherwise, the verdict was to be set aside, and a new trial granted.

*N. H. Bixby*, for the plaintiff.

*S. P. Thayer*, for the defendant.

W. ALLEN, J. It may be assumed that the assignment of the division fence made in 1864, and acted on ever since, is binding upon the parties to this action, who are the occupants of the lands, and the assigns of the parties to the assignment. Gen. Sts. c. 25, §§ 5, 10, 11. Pub. Sts. c. 36, §§ 5, 10, 11. There was, then, evidence that a fence, which the defendant was bound by the assignment to maintain between his land and the plaintiff's, was insufficient, and that the plaintiff's colt strayed from his land where the fence was insufficient upon the defendant's land and died there.

By the common law, the plaintiff would have been bound to keep his colt from the defendant's land, and would have been liable for any injury done by it to the defendant's land. By force of the proceedings under the statute, the defendant was bound to maintain a fence between his land and the plaintiff's, and the statute changed the rule of the common law as regards his right to recover damages for injury which might be done to his land by the plaintiff's beasts by the provision that, "if the beasts were lawfully on the adjoining lands and escape therefrom in consequence of the neglect of the person who suffered the damage to maintain his part of the division fence, the owner of the beasts shall not be liable for such damage." Gen. Sts. c. 25, § 25. Pub. Sts. c. 36, § 27. The duty expressly imposed by the statute upon the parties was that each party should fence against the cattle of the other, and should protect his own land from cattle lawfully upon the land of the other.

The plaintiff contends that the duty to maintain a fence un-

der an assignment also implies an obligation to maintain a fence for the protection of the cattle of the other party, to prevent them from straying from his land, the same that would arise from an obligation to fence arising from contract or prescription, and gives the same right of action in consequence of the injury to the cattle of one party through the insufficiency of the fence assigned to the other as would exist if he were bound by contract to maintain the fence. It is unnecessary to consider the extent or limits of the duty which parties to an assignment of a division fence, under the statute, owe to each other in this respect, because we think that, if the defendant was liable to the plaintiff for injuries to his colt resulting from the insufficiency of the fence, it does not appear that the death of the animal was the proximate and natural consequence of the insufficiency of the fence.

The evidence was, that the colt was found dead, lying with its body in a natural depression, or hollow, in the defendant's pasture, and with its feet on the edge of the hollow, a few inches higher than the body. Apparently it had got into such a position that it was unable to rise, and struggled until it died. It is contended that the jury might have found that the colt stumbled or tripped in stepping over the remains of the fence, and fell, and was unable to rise on account of the depression in the surface of the ground into which it fell, and died in consequence. But this, if proved, would not show that its death was caused by the insufficiency of the fence. It was not injured by the fence. If the improper condition of the fence caused it to fall, the fall did not injure it. If the character of the surface of the ground where it fell rendered it unable to rise, and occasioned the struggles which caused its death, the insufficiency of the fence was not the proximate cause of its death. It was not the natural and probable consequence of a fall in escaping through the insufficient fence that it would fall into the hollow, and be unable to get up. The hollow was not a dangerous place which required to be fenced against. It was a natural and usual condition of the surface of the plaintiff's pasture, as of other pastures, and the death of an animal in consequence of it was something extraordinary, and not to be expected. Upon the evidence, the death of the plaintiff's colt was not a result

which, according to common experience, was likely to follow from the insufficiency of the fence, and was not an accident which it was the duty of one bound by contract, prescription, or assignment to maintain a division fence to prevent.   See *Derry* v. *Flitner*, 118 Mass. 131. and cases cited.

*Judgment on the verdict.*