St. Louis, Iron Mountain & Southern Railway Company.
*v.* Newman.

Opinion delivered April 11, 1910.

1. Animals—permitting stock to go at large.—The owner of stock in this State is not negligent in permitting them to run at large upon the uninclosed premises of another. (Page 459.)

2. Negligence—permitting flow of cotton seed oil—injuries to animal.—Where defendant permitted raw cotton seed oil in large quantities to escape along the road side where cattle were accustomed to stray, and made no effort to prevent them from drinking the oil, and plaintiff's cow drank thereof and was poisoned, defendant was guilty of negligence. (Page 459.)

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*W. E. Hemingway, E. B. Kinsworthy, P. R. Andrews* and *James H. Stevenson,* for appellant.

The owner of land is under no obligation to inclose it to prevent entry by others. Cooley on Torts, § 337; Waterman on Trespass, § § 858-873; 3 O. St. 172; 4 O. St. 425; 63 N. C. 346; 1 C. C. R. 272; 97 E. C. L. 271; 11 East 60; 1 Cowen 78. He who suffers his cattle to go at large takes the risk incident thereto. 6 Pa. St. 472; 66 Mo. 325; 47 Ill. 333; 39 Ill. 168; 66 Ill. 327; 57 Pa. St. 129; 100 Ind. 221; 14 Conn. 1.

*S. Brundidge, Jr.,* and *H. Neelly,* for appellee.

It is not contributory negligence to turn one's cows out on the commons. 37 Ark. 562; 46 Ark. 207.

Frauenthal, J. One of appellant's freight trains was wrecked at Bald Knob, and several tank cars, containing raw cotton seed oil, were damaged to such an extent that they leaked. These tank cars were hauled to Judsonia, Ark., and left there for several days, during which time the oil ran out of them in a steady flow. The cars were first placed near a road crossing, and later a short distance therefrom, and the oil ran down into the ditches by the sides of the track and road, and stood in great pools in these ditches and in the road. The grounds at which the cars were placed were uninclosed, and cattle were accustomed to pass over them at will, and there graze at times. A number of cattle drank of this oil, and from twenty to twenty-five head of them died therefrom, amongst which

was a cow owned by the appellee. The oil gave forth a great stench, and some of the owners who saw their cattle drinking it drove them away because they feared they would be injured by the oil. The appellant made no effort to guard the cattle from the oil or to drive them away. The plaintiff did not see his cow drinking the oil or know of it until some time afterwards. He sued the appellant, and recovered judgment for the value of his cow, and this appeal is brought to reverse that judgment.

It is urged by counsel for appellant that under the evidence in this case it owed no duty to appellee, and therefore was guilty of no act of negligence for which appellee would be entitled to a cause of action; and that if the appellant was guilty of any negligence it was not the proximate cause of the injury, and on this account the appellee is not entitled to recover for the death of the cow.

The liability of the appellant for the death of the cow depends upon the right of appellee to permit his cow to range at large and the effect that the act of appellant had in permitting the oil to run in the ditches at an unenclosed place near a public road and in thus attracting the cow to drink the oil which caused its death.

The common law made it the duty of the owner of domestic animals to keep them upon his own land; and if he failed in that duty and permitted them to stray upon the land of another, though uninclosed, he was chargeable with a trespass. But such a doctrine is not recognized in this State; the stock owner in this State is not accountable as a trespasser for permitting his stock to stray upon the open premises of another. *Little Rock & Ft. S. Ry. Co.* v. *Finley,* 37 Ark. 562.

The owner of domestic animals is therefore guilty of no violation of duty nor of any act of negligence in permitting his cattle to run at large on such uninclosed lands of another. On the other hand, the owner of the land is not required to fence out the stock, and ordinarily owes no duty to one who thus suffers his stock to stray upon his land. He has the right to use his own property as he may see fit, but in that use he has no right to do a negligent act which will result in an injury to another. His liability arises in the use of his premises when he fails to

observe for the protection of the property of another that degree of care and precaution which the circumstances demand, whereby an injury results to such other person's property. He does owe, therefore, to the owner of straying stock the duty to refrain from attracting or drawing to a dangerous object or substance which he has placed upon his land such stock. Such act becomes one of negligence whereby, if injury results to another, a liability is incurred. The land owner has no right to thus actively draw into peril straying stock. He may not be under any duty to guard the stock from the dangers to which they ordinarily might be exposed, but if he places on his land a dangerous substance which would attract passing animals, and thereby the animals are injured, if the injury is the natural and probable result of the act which a prudent man would have foreseen, then the land owner is liable for the injury resulting therefrom. *Kansas City, S. & M. Ry. Co.* v. *Kirksey,* 48 Ark. 366; Ingham on Law of Animals, p. 153; *Railway Co.* v. *Ferguson,* 57 Ark. 16. Thus, in the case of *Crafton* v. *Hamilton & St. Joe Rd. Co.,* 55 Mo. 580, some salt was spilled at a depot while the employees were unloading it, and afterwards a cow was attracted to the place by the salt and killed by the cars, and it was held that it was an act of negligence to leave the salt on the track. *Page* v. *N. C. Rd. Co.,* 71 N. C. 223.

In the case of *Henry* v. *Dennis,* 93 Ind. 452, the defendant placed and left exposed an open barrel of fish brine upon a public street where the plaintiff's cow was lawfully running at large, and the cow ate and drank of the fish brine and was thereby poisoned. It was held that the defendant was guilty of an actionable wrong. See also *Young* v. *Harvey,* 16 Ind. 314. But we think that the doctrine announced in the case of *Jones* v. *Nichols,* 46 Ark. 207, is decisive of this case. In that case the appellants were the owners of a cotton gin, and in an open space under the building a pit was dug for their cotton press. The appellee's cow fell into the pit, and was killed. In that case the court said: "The pit which the appellants dug, and into which the cow fell in the night time, was close to the highway; it was uninclosed and was without signal of warning or protection; moreover, cotton seed and corn had been left by the appellants scattered in the neighborhood of it, so that, in the

language of one of the witnesses, it was not only a stock trap, but was actually baited for the game. The court instructed the jury, in effect, that if they should find such a state of facts from the proof, the appellants were guilty of negligence which would render them liable for the injury done. This proposition cannot be controverted."

In the case at bar the appellant placed in an open space on its land its cars from which the oil leaked until it filled the ditches along the roadside. Here the domestic animals of the townspeople were accustomed to stray and graze; and they were attracted to the pools of oil and drank of it. This the employees of appellant saw and permitted for some days; and, although they saw that the owners of some of the animals seeing this drove them away because they feared the oil would kill them, the appellant's employees made no effort to guard the cattle from the danger or to drive away the animals of the other owners, but permitted them to drink the oil; amongst which was this cow of appellee's. The oil was a poison to the cattle when drunk in the quantities as was done by them; and appellee's cow was killed by the oil which it thus drank. Under these circumstances we think that the appellant was guilty of negligence which rendered it liable for the death of the cow.

The instructions given by the court were in accord with this view of the case, and we find no error in the rulings of the court upon any of the declarations of law given or refused.

The judgment is affirmed.