(77 South. 243)

AUXFORD BROWN ORE CO. v. HUDSON.
(8 Div. 485.)

(Court of Appeals of Alabama. Nov. 27, 1917.)

1. NEGLIGENCE ⬳41 — CONDITION OF PREMISES—PONDS.

The liability of the proprietor of an iron ore washer in leaving exposed a slush pond into which a mule strayed and became mired depended on the degree of probability of danger to stock allowed to run upon the commons, taken in connection with its usefulness in the owner's business, and if the probability was so strong as to make it the duty of the owner as a member of the community to guard it from the danger to which the slush pond exposed members of the community in person or property, it was liable to an action for a loss occurring through a failure to perform such duty.

2. NEGLIGENCE ⬳50 — CONDITION OF PREMISES—PRECAUTIONS AGAINST INJURY.

Where a slush pond filled with slush, mud, and washings from an iron ore washer was located in a community where it was lawful to allow stock to run upon the commons, it was defendant's duty to take notice of the natural propensity of domestic animals to seek pasturage where it was inviting, and if defendant had allowed the surface of the pond to become incrusted and covered with vegetation that was inviting to domestic animals, and the crust was not of sufficient thickness to sustain the weight of any ordinary animal that might wander thereon, and it was probable that an animal grazing thereon would break through the crust into the quagmire and become injured or destroyed, it was defendant's duty to guard against such injury, and it was liable for damages proximately resulting from the breach of such duty.

3. NEGLIGENCE ⬳111(3) — ACTIONS — COMPLAINT—PROXIMATE CAUSE.

In an action for the loss of a mule in a slush pond, which had become incrusted and covered with vegetation inviting to domestic animals, counts in the complaint which did not aver that the death of the mule was proximately caused by defendant's negligence in failing to guard members of the community against injury in person or property were defective.

4. NEGLIGENCE ⬳114—ACTIONS—COMPLAINT—OWNERSHIP OF INJURED ANIMAL.

A count in the complaint in such action should have averred that the mule was plaintiff's property.

5. NEGLIGENCE ⬳111(1) — ACTIONS — SHOWING NEGLIGENCE.

A count should have alleged the depth of the mud under the crust or that it was obviously dangerous for animals to go thereon.

6. NEGLIGENCE ⬳41—CONDITION OF PREMISES—POND.

The necessity of a slush pond for use in the operation of an iron ore washer would not justify the owner in disregarding the dangers arising therefrom to stock which were lawfully allowed to run upon the commons, though it was constructed and maintained in the same manner as other well-regulated slush ponds.

7. NEGLIGENCE ⬳125 — ACTIONS — ADMISSIBILITY OF EVIDENCE.

In an action for the death of a mule in a slush pond, which had become incrusted and covered with vegetation, evidence that there were tracks of animals on the surface of the pond indicating that other animals had strayed thereon was admissible as tending to show that there was a growth on the pond attractive to such animals, or that there was running water which would attract animals.

8. TRIAL ⬳253(3)—INSTRUCTIONS—EXCLUDING OR IGNORING ISSUES.

An instruction that, if defendant maintained its slush pond in a negligent manner, the jury must find for plaintiff, should have been refused, as it pretermitted the consideration that the negligence must be in respect to a duty that defendant owed to plaintiff as a member of the community, and that this negligence must be the proximate cause of plaintiff's injury.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by L. M. Hudson against the Auxford Brown Ore Company for damages for the death of a mule. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The third count is as follows:

Defendant owns and is in possession of a slush pond in Franklin county, Ala., filled with slush, mud, washings, from its iron ore washer. Said pond is situated in territory in which at said time there was no stock law, or stock-law district, and in which stock was permitted to run at large. Said slush pond, or part or portions thereof, were crusted over and some gross and weeds growing thereon, but under the surface of the crust of said pond was soft mud, and the same was obviously dangerous to stock straying or running thereon, and, notwithstanding the dangerous condition of said pond to stock running outside or straying thereon, defendant so negligently maintained such slush pond or was so negligent in permitting the same to be unguarded or not fenced that the mule strayed thereon, mired up, and died, to plaintiff's damage.

The fourth count is similar to the third in statement of fact, and alleges that the pond was enticing for stock as a grazing place, and it was the duty of defendant to so maintain the pond, by fencing or otherwise, that live stock running at large in the community would not be injured, hurt, or killed, or caused to die, but, notwithstanding this duty, defendant so negligently maintained its said pond on said date that plaintiff's mule strayed in or on said slush pond, mired up, and died.

Travis Williams, of Russellville, for appellant. Wm. L. Chenault, of Russellville, for appellee.

BROWN, P. J. [1] The liability of defendant in leaving exposed the slush pond depends upon the degree of probability of danger to stock allowed to run upon the commons, taken in connection with its usefulness in defendant's business. If the probability is so strong as to make it the duty of the defendant as a member of the community to guard it from the danger to which the slush pond exposes its members, in person or property, it is liable to an action for a loss occurring through a failure to perform this duty. First Thompson on Negligence (2d Ed.) § 957; Hurd v. Lacy, 93 Ala. 429, 9 South. 378, 30 Am. St. Rep. 61; Sisk v. Crump, 112 Ind. 504, 14 N. E. 381, 2 Am. St. Rep. 213; Young v. Harvey, 16 Ind. 314; Haughey v. Hart, 62 Iowa, 96, 17 N. W. 189, 49 Am. Rep.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

138; Jones & Norris v. Nichols, 46 Ark. 207, 55 Am. Rep. 575.

[2] The slush pond being located in a community where it was lawful to allow stock to run upon the commons, it was defendant's duty to take notice of the natural propensity of domestic animals to seek pasturage where it was inviting, and if, as is averred in the complaint, the defendant had allowed the surface of the slush pond to become incrusted and covered with vegetation that was inviting to domestic animals grazing upon the commons, and the crust formed over the top of the slush was not of sufficient thickness to sustain the weight of any ordinary animal that might wander thereon, and it was probable that an animal grazing thereon would break through said crust into the quagmire and become injured or destroyed, it was the duty of the defendant to guard the members of the community against such injury, and it would be liable for damages proximately resulting from the breach of this duty. Hurd v. Lacy, supra; Sisk v. Crump, supra; and other authorities cited.

[3-5] When these principles are applied to the third and fourth counts of the complaint, it is apparent that these counts are subject to the objection that they do not aver that the death of the mule was proximately caused by the defendant's negligence, in the respect above indicated, and that the court erred in overruling the demurrers. Weatherly v. N. C. & St. L. Ry., 166 Ala. 575, 51 South. 959; Southworth v. Shea, 131 Ala. 420, 30 South. 774; Creola Lumber Co. v. Mills, 149 Ala. 474, 42 South. 1019. While these counts are subject to other objections, the demurrers filed do not reach the defects, but, inasmuch as this case must be reversed, we call attention to the fact that the third count does not aver that the mule was the property of plaintiff. This count is likewise meager in its averments as to the nature of the growth on the slush pond, in respect to its character, as being enticing to grazing animals. The fourth count does not show the depth of the mud under the crust or that it was obviously dangerous for animals to go thereon.

[6] The necessity of the slush pond for use in defendant's business, although it may be constructed and maintained in the same manner that well-regulated slush ponds of like character are maintained, would not justify the defendant in disregarding the dangers arising therefrom to stock which were lawfully allowed to run upon the commons. Adler & Co. v. Pruitt, 169 Ala. 213, 53 South. 315, 32 L. R. A. (N. S.) 889; 29 Cyc. 1161 (8). Moreover, the evidence tends to show that the defendant had discontinued the use of the slush pond in connection with its business for such length of time that a crust had formed over the slush and mire, and that it had grown up in grass and weeds to such an extent that it was enticing to stock, and that there was a small branch of running water near the middle of the pond. That beneath the crust was soft mud, murk, and mire, at some points ten feet and more in depth, constituting the place a veritable quagmire, and, more, "a baited trap," for the unwary animal in search of food and drink.

[7] It was permissible for plaintiff to show that there were tracks of animals on the surface of the slush pond, indicating that other animals had strayed thereon, as tending to show that there was a growth on the pond that was attractive to such animals, or that there was running water which would attract animals to quench their thirst.

[8] The special charge given at plaintiff's request in the following language: "If you find under all the evidence that the defendant maintained its slush pond in a negligent manner, then you must find for the plaintiff"— should have been refused. This charge pretermits the consideration that the negligence must be in respect to a duty the defendant owed the plaintiff as a member of the community, and that this negligence must be the proximate cause of plaintiff's injury. Fales v. Cole, 153 Mass. 322, 26 N. E. 872.

The affirmative charge for the defendant was properly refused.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.