Stratton *v.* Staples.

○

◆

## MARY C. STRATTON *vs.* AI STAPLES.

*Case—for negligence in not guarding a roll-way with railing.   Waiver as to ambiguity of judge's charge.*

On the premises of the defendant, within one foot of the sidewalk of a public street, was a decending roll-way leading to the basement of the defendant's block of stores.   The entrance to the south store, occupied by the defendant's tenant as a drug store, was up four narrow steps immediately south of the rol - way.   In front of the stores north of the roll-way was a continuous platform extending from the north end of the block to the roll-way.   The roll-way was unprovided with railing or other safeguard except a buttress on either side thereof rising nine inches above the level of the platform.  The plaintiff went upon the north end of the platform in the evening, and while passing along in the exercise of ordinary care for the purpose of entering the drug store on legitimate business, fell into the roll-way and was injured.  *Held,* that the place was unsafe, and the defendant liable.

All objections to the charge of a presiding judge on the ground of ambiguity or inadequacy of expression in relation to matters of minor importance, will be considered as waived, unless made at the time of trial.

CASE to recover damages for a personal injury received by the plaintiff by falling into a "roll-way" leading to the basement of defendant's block of stores, by reason of alleged negligence of the defendant in leaving the roll-way unfenced and unprotected.

The defendant was the owner of the block of stores on the west side of State street, in Augusta, opposite the court-house, known as Concert Hall block, and consisting of four stores.   The south tene-

ment was occupied as a drug store by defendant's tenant, and defendant's counting-room was in the next store northward. Between the drug store and defendant's counting-room, on the premises of the defendant and within one foot of the west line of the sidewalk, was a roll-way, under the control of the defendant, leading to the basement of the block. In front of the three stores north of the roll-way was a continuous platform three feet and eight inches wide with two continuous steps, each sixteen inches wide. The platform and steps were all on defendant's land, the first step commencing in the west line of the sidewalk and extended from the north end of the block down to the roll-way. Directly south of the roll-way were four narrow steps leading to the drug store. The roll-way was unprovided with railing or other safeguard, except buttresses rising nine inches above the level of the platform. The distance from the top of the buttresses to the bottom of the roll-way was seven feet and five inches.

Under the direction of the presiding judge the jury took a view of the premises.

The plaintiff testified that she visited the premises about seven and one-half o'clock on the evening of December 11, 1866, for the purpose of having a business interview with the defendant at his store; that not knowing which one of the stores was occupied by him, she went upon the platform near the north end of the building and looked at the doors as she walked along to ascertain; that seeing a light in the drug store at the south end, she decided to go in there and inquire for him; that not knowing of the existence of this roll-way, but supposing that the platform continued past the entrance to the drug store at the south end of the block, she walked directly on, stumbled over the north buttress and fell into the roll-way; whereby she was severely cut and bruised and her spine badly injured.

The evidence for the plaintiff tended to show that it was a dark night, that little or no light was reflected upon the platform north of the roll-way, and that the roll-way itself was utterly dark at the time of the accident.

The evidence for the defendant tended to show that at the time of the accident there were brilliant lights in the windows nearest the roll-way and also a light in the basement, and that the plaintiff was looking in at the window when she fell.

The presiding judge instructed the jury, *inter alia,* as follows: "It seems that neither the platform nor the cellar-way were within the limits of the street. So that for those who had occasion to travel on the public sidewalk, if they saw fit to go upon this platform, having no business there, and thereby sustained an injury, the defendant would not be liable. But for all persons who had occasion to go upon the platform in order to enter either of the stores of the defendant on legitimate business, he would be liable for all damages occasioned by these erections, provided they were unsafe or dangerous. You have been and viewed the premises, and taking the evidence of your own senses, it will be for you to say whether that cellar-way was unsafe or dangerous.

" The next question is, was the plaintiff legitimately upon the sidewalk or platform? You have heard her statement as to her business with the defendant. It is unnecessary for me to allude to the testimony, it is all with you. If you find that she was legitimately on the platform, then the second allegation is made out.

" Then the question arises, was she in the exercise of common and ordinary care at the time of this accident? You perceive that the platform was continued from the north end of the block down to this cellar-way, so that a person could go from one store to another on this platform, but could not go to the drug store in the same block. In relation to the quantity of light at the time of the accident, you will look at the testimony. It is a question entirely for you. The burden of proof is upon the plaintiff to satisfy you affirmatively of these three allegations. If she fails in one or all of them the defendant will be entitled to your verdict.

" There is no disagreement as to the questions of law. I have given them to you as they have been understood by both counsel. It is, therefore, a pure question of fact for you to consider, as to these various propositions."

The jury returned a verdict for the plaintiff, and assessed damages in the sum of $1,250.

W. P. Whitehouse, for plaintiff, cited Indemaur v. Dames, Eng. Law Rep. 1 C. P. 274, and 2 C. P. 311; Hadley v. Taylor, 1 C. P. 53; Regina v. Watts, 1 Salkeld, 357; Cheetham v. Hampson, 4 Term R. 318; Rockwood v. Wilson, 11 Cush. 221; Lowell v. Spaulding, 4 Cush. 277; Davis v. Jenning, 1 Met. 221.

S. Lancaster & J. Baker, for defendant.

The court submitted to the jury the question whether the plaintiff was legitimately upon the sidewalk or platform. This instruction was wrong in two respects: first, there being no dispute about the facts, it became purely a question of law whether plaintiff was legitimately on the platform or not; second, the court made no distinction between being on the platform, at the point where the accident happened, and being " on the platform" generally. It is seven times repeated, " if she was legitimately upon the platform." A customer might have business at the north store, and so would be " legitimately on the platform." Then he might loaf along by the other stores, without any business, till he reached the buttress and fell over. Would the court say he could recover ? This instruction was too broad and indefinite, and calculated to mislead the jury, as it did.

The plaintiff has proved, conclusively, that she was going to the drug store at the time of the injury. The law required her to go in the way provided and held out by the owner, by construction or other acts, and allowed her to go in no other way. Todd v. Railroad, 7 Allen, 207; Sweeny v. Railroad, 10 Allen, 368; Chapman v. Rothwell, El., Bl. and El. 168; Hounsel v. Smith, 7 C. B. (N. S.) 738; Elliot v. Pray, 10 Allen, 378; Zeebisch v. Tarbell, 10 Allen, 385. But the strongest case is that of Bancroft v. Railroad, 97 Mass. 275.

Now, in the case at bar, the steps leading to the drug store are no part of the platform and never were.

They are not constructed on the same plan, but consist of four

narrow steps, instead of two steps and the broad platform. These stairs being the only means of access to the drug store provided by the owner, the law requires every person, having business at that store, to take this provided way, and the defendant cannot be responsible when a person takes any other way, for he has held out no other way to the public to visit this store. The plaintiff undertook to go there, not by the way provided by defendant, the straight and narrow way, but by a way of her own invention, along the platform, over the buttress, and across the cellar-way, and so, in the language of Chief Justice Bigelow, in *Bancroft* v. *Railroad*, she "voluntarily incurred a risk, for the consequences of which she cannot hold other persons responsible."

WALTON, J. This case is before the law court on a motion to set aside the verdict as against evidence, on a motion for a new trial on the ground of newly discovered evidence, and on exceptions to the rulings of the presiding judge.

1. Of the motion for a new trial, on the ground that the verdict is against evidence. The defendant contends that the plaintiff was not in the exercise of due care and prudence; and that he was guilty of no negligence ; and that the verdict is clearly against the weight of the evidence on both these points. Our conclusion is, that the evidence was sufficient to bring both these questions fairly within the province of the jury to decide, and that we cannot disturb the verdict on either of these grounds. Nor do we think the damages excessive.

2. Of the motion for a new trial on the ground of newly discovered evidence. We think this motion, also, must be overruled. In our judgment the evidence is not of such a character as would be likely to change the result; and we see no reason why the plaintiff might not, by the use of due diligence, have discovered it before the trial as well as afterwards.

3. Of the exceptions. The defendant contends that the presiding judge erred in submitting to the jury the question whether the plaintiff was legitimately on the defendant's platform at the time of

Stratton *v.* Staples.

the injury. He says the instruction was wrong in two respects: first, because it was a question of law, and not a question of fact, whether the plaintiff was legitimately on the platform or not, and should have been decided by the court; secondly, because the court made no distinction between that part of the platform where it would be necessary for the plaintiff to be in going to and returning from the defendant's store, and the place where she was at the time of the accident. What the judge said was this: " The next question which arises is, was the plaintiff legitimately on the sidewalk or platform? You have heard her statement as to her business with the defendant; it is unnecessary for me to allude to the testimony; it is all with you; if you find that she was legitimately on the platform, then the second allegation is made out." This is all that was said on the point. The presiding judge seems to have treated it as one of minor importance, or one in relation to which there was no real dispute, and therefore disposed of it as briefly as possible. This it is often wise for a judge to do. To be enlarging and refining upon points, either of law or fact, about which there is no real dispute, is an evil. It distracts and burdens the memory of the jurors unnecessarily. The better course is to make the charge as full as possible on the vital points of the case, and as brief as possible on the unimportant ones. If either party thinks the charge is not as full on some of the points as it ought to be; or, if he thinks some of the expressions used are ambiguous, or do not sufficiently discriminate between the law and the fact, the proper course is for his counsel to call the attention of the court to the fact, and to ask that other and more appropriate instructions be given. If this is not done, all objections on that account will be regarded as waived. No objection appears to have been made to either the form or the substance of the charge at the time it was delivered. The judge told the jury that he had given them the law as it was understood by both counsel, that there was no disagreement in relation to it. This statement seems to have been acquiesced in by both parties and their counsel. All objections to the charge must, therefore, be regarded as waived.

We have given to this case much thought and a very careful consideration.   Whether the plaintiff herself was not guilty of contributory negligence, and whether the defendant was guilty of actionable negligence, are, in our judgment, very close questions. Neither the plaintiff's care nor the defendant's negligence is very clearly established.   But both questions seem to have been very fully and very fairly submitted to the jury, and the parties must abide by the result.          *Motions and exceptions overruled.*

*Judgment on the verdict.*

APPLETON, C. J.; KENT, DANFORTH, BARROWS, and TAPLEY, JJ., concurred.