## BUCKEYE MANUFACTURING COMPANY v. WOOLLEY FOUNDRY AND MACHINE WORKS.

[No. 3,328.　Filed December 20, 1900.]

PLEADING.—*Contracts.*—*Exhibits.*—A complaint in an action for the value of certain machinery manufactured for defendant by plaintiff, under written contract and specifications, is not bad for failure to make the blue-print of certain mechanism thereof referred to in the specifications a part of the complaint, where it appears that the blue-print was not made a part of the contract. *pp. 8-10.*

EVIDENCE.—*Objection.*—*Harmless Error.*—*Expert Testimony.*—Available error cannot be predicated upon the action of the court in overruling an objection to a question propounded to a witness calling for an opinion of the witness as to the competency of a certain machine, because the question did not state the object or purpose for which the machine was constructed, where the witness was immediately asked, and gave his opinion of the competency of the machine to do the work for which it was constructed. *pp. 10, 11.*

SAME.—*Expert Testimony.*—Where in an action by the seller for the purchase price of a machine a witness who had worked with the machine testified to certain defects in its workings, it was proper for plaintiff to prove in rebuttal the defective nature in general of the witness' work. *p. 11.*

SAME.—*Expert Testimony.*—*Machinery.*—In an action by the seller for the purchase price of a machine the opinion of an expert as to whether the machine would do the work for which it was intended was admissible, where the machine was of intricate and complex construction. *pp. 11, 12.*

SAME.—*Expert Testimony.*—*Discretion of Court.*—*Trial.*—Whether a witness is competent to testify as an expert is a question for the trial court, and the determination of the court will not be disturbed on appeal unless there is an abuse of discretion shown. *p. 12.*

EVIDENCE.—*Contracts.*—*Oral Negotiations.*—In an action by the seller for the purchase price of machinery, based upon a written contract, evidence as to conversations between the parties, prior to the execution of the contract, tending to contradict the written contract was properly rejected, where it was not shown that the contract was obtained by fraud. *pp. 12, 13.*

SAME.—*Expert Testimony.*—*Machinery.*—In an action by the seller for the purchase price of a machine, drawings showing the working plans of the machine were properly introduced in evidence for the purpose of explaining the construction of the machine and facilitating the evidence, where the question as to the competency of the machine to do the work for which it was intended was in issue. *p. 13.*

From the Madison Circuit Court. *Affirmed.*

*E. R. Templer, C. C. Ball* and *J. N. Templer,* for appellant.

*O. N. Cranor* and *F. Mann,* for appellee.

ROBINSON, J.—Suit by appellee to recover of appellant the value of certain machinery. Complaint in two paragraphs, the second of which was withdrawn. Demurrer to first paragraph overruled. Answer in denial and also special matter of defense. Trial by court and finding for appellee. Motion for new trial overruled and judgment on finding. The sufficiency of the complaint and denial of a new trial are questioned by the errors assigned.

The complaint avers that appellant made its written order to appellee for the construction and erection by appellee of one cylinder boring and facing machine at a price named; that on the same date appellant in writing accepted the order upon the terms and conditions therein stated, copies of which order and acceptance are filed as exhibits; that by the terms of the written agreement appellant was to pay one-third cash on delivery of machine, one-third in sixty days and one-third in 120 days from delivery; that appellee constructed and delivered the machine according to the contract; that upon delivery the first payment was made, but that the other payments are due and appellant

refuses to pay the same. The order is addressed to appellee, and says: "Please fill our order for the following goods and ship sixty days via C. & S. E. R. R. Bill of lading, with freight rate named and duplicate invoice without prices or extensions must accompany each invoice." This is signed by appellant, and is followed with a description of one cylinder boring and facing machine and certain attachments and appliances for the same, with price for the complete machine, time of delivery, terms of payment, and the words, "Accepted, 11, 24, 1897. Woolley Foundry & Machine Works, W. J. Woolley, Secretary." The order was made and accepted the same date. The contract was not for a lot of machinery at certain prices, but for a complete machine at a price named. In the exhibit is the expression, "feed mechanism in head as described in blue-print submitted." The only objection made to the complaint is that neither the original nor a copy of this blue-print is filed with the complaint.

The rule is well settled that a complaint based upon a written instrument must set out the original or a copy of the instrument, and that such a defect is reached by demurrer. *Petty* v. *Board of Trustees,* 70 Ind. 290; *Williamson* v. *Foreman,* 23 Ind. 540, 85 Am. Dec. 475. And if an action is based upon a written obligation which is to be performed according to conditions in other written obligations forming a part of it, the complaint must set out, not only a copy of the obligation sued on, but also copies of the instruments referred to. *Busch* v. *Columbia City, etc., Assn.,* 75 Ind. 348. And if an action is based on a contract which is in separate parts, the original of all the parts, or copies, must be filed with the complaint. *Potts* v. *Hartman,* 101 Ind. 359; *Titlow* v. *Hubbard,* 63 Ind. 6. The contract in question provides that the machine shall have a suitable feed mechanism, and further along contains the provision above set out that the feed mechanism shall be as described in the blue-print submitted.

The written offer and the written acceptance constitute a contract. It is upon this written contract that the action is founded. Appellee must recover, if at all, upon the written contract. He relies upon it and nothing else. In such case all prior negotiations of the parties are merged into the writing. The law presumes that the parties put everything into the contract that they wanted in it, and that nothing that is not then brought into the contract was intended to be a part of it. The blue-print had been submitted and was no doubt examined and discussed, just as the parties might examine and discuss another machine which it was desired to duplicate, but for some reason they did not see proper to make the blue-print a part of their contract. As it was not made a part of the contract sued on, it was not a part of the exhibit filed.

Appellee's president testified that he had been a practical machinist engaged either at work as a machinist or in manufacturing for about twenty-five years, had worked boring cylinders, that he saw the machine in question in operation after it was set up in appellant's factory, described the manner in which the machine worked, and the character of the work after it was done, and was then asked: "I will ask you now from your observation of the machine in its operations there, the work that was being done upon it, the character of the work after it was done, the condition of the machine as you testify to having seen it, its rigidity and stability that you have testified about, lack of chatter and all that you observed and saw there, and with all your knowledge that you may have upon the subject as a machinist, what you say as to whether that machine is a good and competent machine for the purpose for which it was constructed?" Objection was made that the question "does not state the purpose or object for which it was constructed; the question is too short; it leaves the witness to determine in his own mind for what it was constructed, without stating the purpose for which it was constructed." The ob-

jection was overruled. It is not necessary to determine whether the grounds of objection made were sufficient, as the witness immediately was asked, and answered, without objection, the following: "I will ask you whether or not that machine, based upon the facts that I have stated and your knowledge, if operated by a good practical machinist, will perform the work of boring cylinders, facing them, and turning the necks in a practically perfect manner?" It is well settled that where it is claimed evidence was improperly admitted only such objections will be considered on appeal as were presented to the trial court.

The same witness was asked whether at any time after the execution of the contract he had said to representatives of appellant that he would warrant that the machine would do the work specified in the contract, and answered that he had not. We do not understand that any witness testified that such a warranty was made by the witness, but if the evidence can be so construed it was certainly competent to permit the witness to testify in rebuttal whether he had or had not done so. A witness, Aiken, had testified in behalf of appellant that he had been a-machinist about twenty years, and that he worked with the machine in question, had bored out cylinders with it, and testified to certain defects in its workings. There was no error in permitting a witness for appellee to testify of the defective nature in general of Aiken's work in boring cylinders, as it went to his competency to testify upon the character of work the machine did. A witness, Bissett, testified that he had been a machinist nine years since his apprenticeship, had worked on cylinders, bored on the machine in question, and had seen workmen boring cylinders with it, and testified as to the character of the work the machine did. He was asked: "From what you saw of the large machine that is in controversy and of Mr. Hockenberg operating it, and from your knowledge as a machinist, what do you say as to whether that machine would do the work perfectly if properly managed?" Over

objection he answered he thought it would.    There are exceptions, but it is the general rule that if the facts are of such a nature that the court or jury is as well qualified to form an opinion upon them as the witness, opinion evidence, even from an expert, is incompetent.    But one of the questions at issue in this case was whether this machine, which was of intricate and complex construction, would do the work intended.    We think this was clearly a case where the opinion of an expert is admissible.    Whether the witness was competent to testify as an expert or not was a question for the trial court.    As there was some evidence tending to show such qualification, we can not review the action of the trial court in the absence of a showing that there was an abuse of its discretion.    *City of Ft. Wayne* v. *Coombs,* 107 Ind. 75; *Forgey* v. *First Nat. Bank,* 66 Ind. 123; *Davis* v. *State,* 35 Ind. 496, 9 Am. Rep. 760; *Fox* v. *Cox,* 20 Ind. App. 61.    See *Diamond Block Coal Co.* v. *Edmondson,* 14 Ind. App. 594; *Evansville, etc., R. Co.* v. *Keith,* 8 Ind. App. 57; *Indiana, etc., R. Co.* v. *Hale,* 93 Ind. 79; Rogers on Expert Testimony, §104.

Offers were made by appellant to prove certain conversations between the parties prior to the execution of the contract sued on.    Appellant's second paragraph of answer, which was not tested by demurrer, alleged that there was a contract between the parties, partly oral and partly written and printed, by which appellee undertook and agreed to construct for appellant a certain boring, facing, and milling machine, and represented that the machine would be strong and sufficient for the purpose, and that in pursuance of the agreement, appellant having no knowledge as to the machine's capacity and relying upon the representations of appellee's representative, made the order set out in the complaint, at the dictation of appellee's agent, that the machine was insufficient for the work required of it and was of no value.    The answer shows there were previous and contemporaneous stipulations, presumably in parol,

but it also shows that the contract sued on was entered into. While the doctrine declared in *Welz* v. *Rhodius,* 87 Ind. 1, 44 Am. Rep. 747, cited by appellant's counsel, has been much limited, if not overthrown, *Conant* v. *National Bank,* 121 Ind. 323, yet proof may properly be admitted to show a collateral agreement provided it be not inconsistent with the writing; and in such case collateral matter may be shown if necessary to complete the original contract, but it can not be shown if it contradicts, adds to, or takes from the written contract. *Sage* v. *Jones,* 47 Ind. 122; *Singer Mfg. Co.* v. *Forsyth,* 108 Ind. 334. "The rule is," said the court in *Oiler* v. *Gard,* 23 Ind. 212, "that all oral negotiations or stipulations between the parties, which preceded or accompanied the execution of the instrument, are to be regarded as merged in it, and that the latter is to be treated as the exclusive medium of ascertaining the agreement to which the contractors bound themselves." *McClure* v. *Jeffrey,* 8 Ind. 79; *Madison, etc., Co.* v. *Stevens,* 10 Ind. 1; *Oiler* v. *Bodkey,* 17 Ind. 600; *Woodall* v. *Greater,* 51 Ind. 539; *Conant* v. *National Bank,* 121 Ind. 323, and cases cited; *Cole* v. *Gray,* 139 Ind. 396.

The answer does not proceed upon the theory that the contract was obtained by fraud, nor do the appellant's counsel claim that such is the theory of the pleading. *Conant* v. *National Bank, supra.*

Drawings showing the working plans of the machine were introduced in evidence over appellant's objection. When the plans were offered it was stated that it was for the purpose of facilitating the evidence and that it was not claimed they were any part of the contract. The record shows they were admitted for the purpose of explaining the construction of the machine. It is not claimed the drawings are not correct representations of the machine. This was not error.

There was a very sharp conflict in the evidence, but we can not weigh conflicting evidence to determine the preponderance. There was evidence that the machine was con-

structed in substantial compliance with the details set out in the contract. The machine was one of peculiar and intricate construction and was designed to do a certain kind of work. The details set out in the contract were for direction in its manufacture, and there is evidence that these details were all substantially carried out and that a complete and practical machine was constructed which would perform all the work for which it was designed. There was some evidence to show that during the construction of the machine it was thought best to leave off some minor details, and that they were left off at the direction of appellant. It was competent to show that the machine was received when delivered without any objection made to the manner of its construction. The object that both parties to the contract had in view was the construction of a complete machine that would do a particular work. We have carefully read the voluminous evidence and find there is evidence to sustain the court's finding. The question here is not whether the court was right or wrong in weighing the evidence, but whether there is evidence to support the finding. There is such evidence. Appellant insists that the contract sued on was not in evidence because the blue-print referred to was not read in evidence. The contract as filed with the complaint was read in evidence, and as we have already seen that the blue-print referred to was not made a part of the contract, it is unnecessary further to discuss that question. There is no error in the record for which the judgment should be reversed. Judgment affirmed.