## CONNALLY *et al.* v. WOODS *et al.*

No. 2319. Opinion Filed April 4, 1913.

On Rehearing September 2, 1913.

(134 Pac. 869.)

1.     **NEGLIGENCE—Excavation on Adjoining Premises—Personal Injuries—Question for Jury.** The defendants excavated their lot so as to bring it to the grade of the street, thereby leaving an embankment within a few inches of the line of an adjacent lot. The embankment was not walled up, and no barriers were erected to prevent persons falling over the embankment. The usual and only convenient way to the house was by a path or walk near the border of the lot, which path had been used for some time before the excavation was made, and which was parallel to and within two or three feet of the edge of the embankment after the excavation was made. As plaintiff, a tenant occupying the house, started to leave the premises, walking along the path, she stepped within a few inches of the edge, and the earth crumbled under .her foot, causing her to fall down the embankment. In an action for damages for injuries sustained by the fall, **held**, that the question of whether or not defendants were negligent in failing to wall up the embankment to prevent crumbling was one for the jury.

2.     **SAME—Defense.** Section 7256, Comp. Laws 1909 (Rev. Laws 1910, sec. 6641), which provides that ''each coterminous owner is entitled to the lateral and subjacent support which his land receives from the adjoining land, subject to the right of the owner of the adjoining land to make proper and usual excavations on the same for purposes of construction, on using ordinary care and skill, and taking reasonable precautions to sustain the land of the other, and giving previous reasonable notice to the other of his intention to make such excavations,'' only relates to the rights of adjacent owners as to lateral and subjacent support ·of the land, and does not affect the rights of a landowner as against a person who falls into the excavation, though the fall is caused by crumbling of the earth beneath such person's feet while walking near the edge of the excavation.

(Syllabus by Rosser, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by Pearl Woods against O. W. Connally, G. W. Scales, and another.  Judgment for plaintiff, and the defendants named bring error.  Affirmed.

*Flynn, Chambers, Lowe & Richardson,* for plaintiffs in error.

*Everest, Smith & Campbell,* for defendants in error.

Opinion by ROSSER, C.  This was an action by Pearl Woods against O. W. Connally, G. W. Scales, and F. M. Pirtle. Connally and Scales were the owners of certain lots in Oklahoma City, and some time in the months of October and November, 1908, they had these lots excavated so as to make them level and bring them down to the grade of the street.  In making the excavation they brought the surface of the lots down several feet lower than an adjoining lot on the north, and left an embankment or wall between the lot excavated and the one adjoining it on the north.  The plaintiff lived on the adjoining lot on the north in a small frame building, which she occupied as a tenant. When the excavation was made a small strip of earth, estimated by the witnesses as from two and one-half to five feet in width, was left between the house she occupied and the excavation on the defendants' lots.  On the night of December 4, 1908, plaintiff fell from this embankment or declivity, and her foot and ankle were broken and seriously injured.  There was some dispute in the testimony as to how she came to fall.  She stated that she was passing around the house; that she stepped close to the edge of the embankment; and that the earth crumbled or gave way under her feet and caused her to fall.  There was some evidence that she was scuffling with a visitor at the time.  She recovered judgment, and the defendants have appealed.

It is contended by the plaintiff that it was the duty of the defendants to erect a supporting wall to prevent the caving of dirt, and their failure to erect a retaining wall is alleged to be negligence.  Defendants contend that section 7256, Comp. Laws 1909 (Rev. Laws 1910, sec. 6641), gave them the right to make the excavation.  That section is as follows:

"Each coterminous owner is entitled to the lateral and subjacent support which his land receives from the adjoining land, subject to the right of the owner of the adjoining land to make proper and usual·excavations on the same for purposes of construction, on using ordinary care and skill, and taking reasonable precautions to sustain the land of the other, and giving previous reasonable notice to the other of his intention to make such excavations."

This statute undoubtedly confers the right on a landowner to make excavations; but it only governs the rights of adjacent owners with reference to lateral and subjacent support. It has no application upon the question of whether or not an excavation is a dangerous nuisance. There is no question of lateral and subjacent support in this case. The doctrine of lateral and subjacent support does not apply to living beings. If the case were governed by the doctrine of lateral and subjacent support, there is no question but that the plaintiff must fail. The defendants owed her no duty of support of the character they owed adjacent proprietors.

The question here is whether the failure to erect a retaining wall was such negligence as entitled plaintiff to recover. Under the proof it cannot be said that defendants were under a duty to erect a retaining wall to support the adjacent land. Were they under such a duty to protect the plaintiff? In other words, were they guilty of negligence with regard to the plaintiff? It is believed that the defendants are liable.

"Upon this question it has been held, where an owner or occupier· of lands makes an excavation upon his land so near to a public highway as to be dangerous under ordinary circumstances to persons passing by, it is his duty to take reasonable care to guard such excavation, and he is liable for injuries caused even if such persons are consciously or unconsciously straying from the way. Where an excavation is at a considerable distance no such care need be taken. What is a considerable distance it is impossible to say, and, in truth, each case depends upon its own facts." (Whitaker's Smith on Negligence [2d Am. Ed.] p. 81, and notes.)

In this case the excavation was not made upon the highway, or at least the accident itself did not occur upon or near the highway. The excavation was, however, adjoining a footway used

by the plaintiff, and the defendants had notice of this fact.  The defendants knew that the footway was being used by the plaintiff, and the duty as to her was the same as it would have been to the public had it been made adjoining a highway.

In *Beck v. Carter,* 68 N. Y., 283, 23 Am. Rep. 175, it was held that, "If the owner of land made an excavation thereon adjacent to a highway or so near as to make the use of the highway insufficient or dangerous, he will be liable to the traveler who, while using ordinary care, falls into it and is injured." In that case the injury occurred upon an alley, and it was held that it was immaterial whether the alley had been accepted by the public so as to make it a highway.

In the case of *Buesching v. St. Louis Gas Light Co.,* 73 Mo. 219, 39 Am. Rep. 503, it was held that one is not required to abandon a convenient and accustomed route of travel on a street because of a dangerous excavation near the highway, unless the use of the highway, under the circumstances, would be inconsistent with the exercise of reasonable, ordinary care.  tI was held that a traveler, if injured in such excavation, could recover, notwithstanding his knowledge of the danger, provided he was at the time using ordinary care.  The fifth paragraph of the syllabus in that case is as follows:

"It cannot be laid down as a legal proposition that one who falls into an unconcealed opening adjoining a highway is guilty of negligence * * * in not avoiding it.  The true rule is that he is guilty of negligence if he did not see it, provided he would have seen it by exercising ordinary care, and if he saw it he is guilty of negligence in not avoiding it, provided he could have avoided it by the exercise of ordinary care."

In *City of Norwich v. Breed,* 30 Conn. 535, a person was injured by falling into an excavation near the street, and on the defendant's own land.  The court held that the plaintiff was entitled to recover, and in the course of the opinion said:

"As a dangerous character rather than the exact location of the excavation determined the duty and consequent liability of the city in regard to it, so the duties and liabilities of the defendant in this respect must be determined by the same criterion.  His right to make the excavation was undeniable, and was not denied; but he was bound to exercise that right with a due regard to

the coexisting rights of the city and of travelers on the street. '*Sic utere tuo ut alienum non laedas*' is a maxim as universal in application as it is wise and just in principle."

In *McGuire v. Spence,* 91 N. Y. 303, 43 Am. Rep. 668, the court held the defendant liable for injuries received by a girl fourteen years old, caused by falling into an uncovered area while skipping a rope upon the sidewalk in the daytime. See, also, upon the general proposition of right to recover for injuries to person or property occasioned by excavations near highways, *Vale v. Bliss & Davis,* 50 Barb. (N. Y.) 358; *Stratton v. Staples,* 59 Me. 94; *Young v. Harvey,* 16 Ind. 314; *Haughey v. Hart,* 62 Iowa, 96, 17 N. W. 189, 49 Am. Rep. 138; *Jones v. Nichols,* 46 Ark. 207, 55 Am. Rep. 575.

It is believed that the same principle is applicable here. The statute under which the defendants attempt to justify does not apply to a case of this sort. There is nothing in the statute which would have exempted the defendants from liability had the excavation been made adjoining the highway. The plaintiff here used the way as a means of ingress and egress. As to her, as already stated, the defendants owed the same duties that they would have owed to the public had the excavation been made near a highway.

While there was considerable evidence tending to show that the plaintiff was guilty of contributory negligence by engaging in a scuffle upon the brink of the embankment, still that question was submitted to the jury, and they have found against the defendants, and this court cannot set aside a verdict merely because its opinion as to the preponderance of the evidence does not agree with that of the jury.

If the plaintiff was, as she says, merely passing around her house for the purpose of reaching the street, she cannot be charged with contributory negligence, as a matter of law, because she happened to step too near the edge of the embankment. The force of habit is strong, and it cannot be said that a person is guilty of negligence by falling or dropping back into habits that they have had for a long period of time. In this case the plaintiff had for months been accustomed to use the way without being

exact to the inch as to where she must step. It was only natural that she would, through force of habit, drop into the old custom and step too near the brink. It was for the jury to say whether or not a reasonable person should have anticipated that she would do so, and that upon her doing so the earth would crumble and cause her to fall.

The case of *Pullan v. Stallman,* 70 N. J. Law, 10, 56 Atl. 116, relied upon by defendants, has been carefully examined. In that case a large barn had stood on a stone foundation near the boundary of plaintiff's lot. The foundation of the barn had furnished lateral support to the land near the boundary line of the lot occupied by the plaintiff. The barn and foundation were removed, leaving an excavation. The plaintiff was hanging out clothes, and while so engaged, and while standing about four feet from the edge of the excavation, the ground gave way under her, and she fell into the excavation, sustaining injury. The court held that she had no cause of action. The decision is rested upon two grounds. First, that the defendant was under no obligations to furnish lateral support of anything except the land itself. Second, that the plaintiff was guilty of contributory negligence in approaching too near the edge. As to the second ground the court was clearly wrong. It cannot be said, as a matter of law, that it was negligence to approach within four feet of the edge of an excavation a few feet in depth, although it might be to approach that near the brink of a deeper excavation. The first ground states the law; but the case does not discuss the question of negligence, which is controlling in this case. There is considerable difference in the facts of the two cases. In that case there was no way, either public or private, near the edge of the excavation. In the present case a private way extended to within a foot or two of the excavation.

The judgment should be affirmed.

BREWER, C., did not participate in this case.

By the Court: It is so ordered.

ON REHEARING.

Opinion by ROSSER, C. A rehearing was granted in this case some time ago, and oral arguments were heard; but after full consideration no reason has been found to justify a reversal of the case. The opinion heretofore rendered in the case is believed to state the law and is adhered to.

By the Court: It is so ordered.