## SHAWNEE GAS & ELECTRIC CO. v. GRIFFITH.

No. 11029—Opinion Filed Dec. 4, 1923.

Rehearing Denied Jan. 15, 1924.

(Syllabus.)

1. **Corporations — Process — Service on Managing Agent.**

Where the sheriff's return shows that the chief officer, whatever his title may be, is not found in the county, and summons is served on the managing agent, naming him, such service complies with the provisions of section 243, Comp. Stat. 1921.

2. **Evidence — Expert Testimony — Rebuttal.**

Plaintiff in error having elicited the opinion of its expert witness as to whether its pole and guy wire were negligently constructed, and anchored, defendant in error cannot be precluded from rebutting the same by a witness whose experience and knowledge shows him equally qualified to express an opinion thereon.

3. **Negligence — Unguarded Anchorage Wire of Light Pole in Parking.**

The protection to be thrown around the anchorage of wire used and attached to an electric light pole depends on the location of the wire and the purpose for which the adjacent property, streets, sidewalks, and passage ways are used, and it is negligence to leave unguarded such a wire anchored to the ground in the space between the street and the sidewalk known as the parking, where persons are known to be accustomed to pass going to and from the place erected and used a long time to hitch their horses while attending church.

4. **Appeal and Error—Review—Rulings on Hypothetical Question.**

When objection is made to a hypothetical question on the ground that it is not predicated upon a correct statement of fact, and the trial court being fully advised as to the facts proven and as to the competency of the question, in the absence of a showing as to the particular facts omitted from the question that should have been included, or that were included that should have been omitted, its findings will not be disturbed.

5. **Negligence — Contributory Negligence—Jury Question.**

Contributory negligence is a question of fact for the jury. Defendant in error was

only required to exercise ordinary care, and as to whether she did, or not, in view of all the circumstances surrounding her at the time, was a question of fact for the jury's determination. The judgment of the lower court is affirmed.

Error from Superior Court, Pottawatomie County: Leander G. Pitman, Judge.

Action by Lutie Griffith against the Shawnee Gas & Electric Company. Judgment for plaintiff. and defendant brings error. Affirmed.

Abernathy & Howell, for plaintiff in error.

Stanard & Ennis, for defendant in error.

BRANSON, J. This is an action by defendant in error against plaintiff in error to recover damages for personal injury. Plaintiff in error is a domestic corporation operating an electric light system in the city of Shawnee, Okla..

It erected and maintained an electric pole at the southwest corner of Beard and 9th streets. This pole 'was about 20 feet high and set in a place between the sidewalk and the curbing known as the parking, and was near the curbing on Beard street and four or five feet south of the curbing on 9th street. Beard street runs north and south and 9th street runs east and west. A guy wire was attached to the top of the pole, and was anchored to the ground by an iron or steel rod near the curbing.

A church stood on this corner a distance of about 20 feet from each street where church services had been regularly held for a period of about 15 years. On the north side of the church and on the south side of 9th street was a hitch rack erected for the use of persons coming to church either in vehicles or on horseback. The hitch rack had been there for a period of 15 years and was there at the time the electric pole was installed. Persons coming from the church were accustomed to pass over the parking where the guy wire was anchored to get to their conveyances which had been left at the hitch rack, and this was well known to the plaintiff in error when it erected said electric light pole and guy wire.

On the night of the accident, defendant in error drove to church with her family and a friend in a one horse carriage and tied the horse to the hitch rack about nine feet west of where the guy wire was anchored to the ground. When church services were over she left the church and walked across the sidewalk and the parking to reach her carriage and caught the heel of her left shoe on the guy wire, was thrown violently into the street, was severely injured, and the heel of her shoe was torn off. It was a dark night and defendant in error, having in mind the guy wire and in attempting to avoid it walked far enough west. as she thought, to pass around it.

Plaintiff in error appeared specifically and moved to quash the summons because not issued, served, and returned as required by law, which was overruled, and then filed answer, in which it pleaded a general denial and set up the affirmative defense of contributory negligence.

The case was tried to a jury, and at the close of defendant in error's evidence, plaintiff in error demurred, which was overruled, and the jury returned a verdict for defendant in error, upon which the court entered judgment, and plaintiff in error's motion for a new trial having been overruled, it has appealed. Plaintiff in error assigns as error the action of the court in overruling its motion to quash summons. The summons was served under section 243, Comp. Stat. 1921, which is as follows:

"Service of Summons on Corporation. A summons against a corporation may be served upon the· president, mayor, chairman of the board of directors, or trustees, or other chief officer, or upon an agent duly appointed to receive service of process; or if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation with the person having charge thereof."

The return of the sheriff is in the following language:

"I received this summons on the 19th day of September, 1917, at 3 o'clock p. m. and executed the same in my county on the 24th day of September, 1917, by delivering a true copy of the within summons with all the indorsements thereon to C. S. Thompson, managing agent of the above named defendant, a corporation, the president, chairman, of the board of directors, or other chief officer's not being found in my county. Tully J. Darden, Sheriff, S. L. Thompson, Deputy."

The return shows that the president, chairman of the board of directors, or other chief officer of plaintiff in error could not be found in the county, and summons was, therefore, served on C. S. Thompson, its managing agent. · It is not contended by plaintiff in error that Thompson is not a proper party for service, but the contention is that the return should show that none of the other parties named in the statute could be served and that no agent for service had been appointed, if this was a fact, before service could be had on its managing agent. The statute is not sus-

ceptible of this construction, and it would be entirely sufficient for the return to show that, the chief officer, whatever his title might be, not being found in the county, summons is served on the managing agent, naming him. It is true that before service can be had on the managing agent, it must be shown that none of the principal officers can be found. In the case of Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 Pac. 747, this statute is construed by this court. The third paragraph of the sylla-bus of the case says:

"A return of the service of summons, on a domestic corporation, which shows that the president was not found in the county, and the writ was served upon the managing agent, is sufficient. The statute contemplates that the absence of one officer from the county—the 'chief officer'—opens the door for legally serving summons upon any one of the subordinates designated by the statute. It does not contemplate the absurdity of a multiplicity of chief officers, but makes the definite provision that if the one, single, 'chief officer is not found in the county,' then service may be made upon either the 'cashier, treasurer, secretary, clerk, or managing agent.'"

Exception was taken to certain testimony of Orten Brown, a witness for defendant in error. The evidence shows that Mr. Brown is a construction engineer of 15 years' experience and had been in charge of the construction work of the Southwest Bell Telephone Company for 13 years, erecting its poles, and so forth, and that he was familiar with the location of the pole and guy wire from which the injury arose. He testifies that the erection of electric light poles is in no way materially different from that of telephone poles, and that the character of anchorage was dependent upon the purpose for which adjacent property, street, sidewalk, and passage ways were used. He testifies that the practical thing to do in this case was to set another pole west of the electric light pole far enough to be out of the way of the public and anchor it to the ground, and then anchor the two poles together; or, if the anchorage is to the ground, the well recognized rule of construction is to guard the guy wire by a metal or wooden guard or by a pole erected by the side of the wire or by boxing it up with a square box of wood, and that the standard guard is eight feet high, painted white. The witness testified as an expert. The qualification of a witness with respect to knowledge and experience is a matter resting in the discretion of the trial court. 22 C. J. 526; Buckeye Mfg. Co. v. Wooley Fdy., etc., Works, 26 Ind. App. 7, 58 N. E. 1069; Dole v. Johnson, 50 N. H. 452; Jones v. Tucker. 41 N.

H. 546; Wright v. Williams, 47 Vt. 222, 46 Atl. 1073. If a construction engineer of 15 years' practical experience in this character of work and 13 years of that time spent in charge of the construction work of a great telephone company is not qualified to testify as to how the work should be done, it is difficult to say when any witness would become qualified. Stone, etc., Eng. Corp. v. Melovich, 202 Fed. 438; Kershaw v. Wright, 115 Mass. 361; N. Y., etc., Railroad Co. v. Wilson, 109 Va. 754; Vander-Donckt v. Thellussoh, 8 C. B. (Eng.) 812. In the light of these facts it was not error for the court to permit the witness to express his opinion as to whether the method of anchorage used was improper under the circumstances. C., R. I. & P. R. Co. v. Pruitt, 67 Okla. 219, 170 Pac. 1143.

Further, it might be stated that plaintiff in error elicited the opinion of its own expert witness as to whether the pole and guy wire was recognized as proper construction, and having thus opened this question, it cannot complain that defendant in error used her witness to refute it. Bogk v. Cassert, 149 U. S. 171; Little Rock & Fort Smith Ry. Co. v. Tankersly (Ark.) 14 S. W. 1099; 22 C. J. 195; Ravenscroft v. Stull (Ill.) 117 N. E. 602; Hollender v. N. Y. Central Railway Company, 14 Daly (N. Y.) 219.

Dr. Rice testified from personal examination and from a hypothetical statement of fact that the condition of defendant in error was due to the injury received and that the injury was permanent. This evidence was objected to on the ground that the hypothetical questions do not contain a correct statement of fact. The trial court was fully advised as to the facts that had been proven and was satisfied as to the competency of the questions, and, in the absence of a showing as to the particular facts omitted from the question that should have been included or that were included that should have been omitted, its findings will not be disturbed.

Plaintiff in error complains that its demurrer to the evidence of the defendant in error should have been sustained. A demurrer admits the truth of the evidence of every fact which it in the slightest tends to prove and every reasonable deduction and conclusion to be drawn therefrom, and when measured by this rule, we cannot say that the lower court committed error in overruling the demurrer. Singer v. Citizens Bank of Headrick, 79 Okla. 267, 193 Pac. 41; Boatman v. Coverdale, 80 Okla. 9, 193 Pac. 874; Fairbanks, Morse & Company v. Miller, 80 Okla. 265, 195 Pac. 1083; Eaton v. Shaff, 83 Okla. 27, 200 Pac. 428; Taylor

v. Enid National Bank, 77 Okla. 74, 186 Pac. 232.

It is contended by plaintiff in error that the court erred in giving certain instructions to the jury and in refusing others. We have examined these instructions carefully, and are of the opinion that the court fairly submitted the case to the jury. Plaintiff in error had a right to anchor its pole in the parking, but the defendant in error also had a right to cross the parking to enter her carriage. The parking had been used as a passage way between the street and the church by persons attending the church for a period of years both before and after the plaintiff in error installed its guy wire, and in the construction and maintenance of the same it was its duty to exercise reasonable care for the safety of persons passing that way. Plaintiff in error was bound to know that persons were liable to cross the parking on a dark night, as defendant in error did on this occasion, and that an unguarded guy wire might become dangerous. The evidence supports the conclusion that the plaintiff in error was negligent in failing to employ some one of the well-recognized methods of guarding its wire, and that the negligence of plaintiff in error was the proximate cause of the injury. An act of negligence is the approximate cause of the injury when a man of reasonable experience and understanding should foresee that the injury might probably result from the negligence of his act. M., O. & G. Ry. Co. v. Miller, 45 Okla. 173, 145 Pac. 367; Prickett v. Sulzberger & Sons Co., 57 Okla. 567, 157 Pac. 356; Ponca Ice Co. v. Robertson, 67 Okla. 86, 169 Pac. 1111.

The matter of contributory negligence is a question of fact for the jury, and the jury having found for the defendant in error, and there beng competent evidence in the record to support its findings, we are not disposed to disturb it. Defendant in error was returning to her carriage from the church, was mindful of the presence of the wire, and tried to avoid it by walking west far enough to pass around it, but in the darkness mistook the distance. Defendant in error was only required to exercise ordinary care, and as to whether she did or not, in view of all the circumstances surrounding her at the time, was a question of fact for the jury's sole determination. Pittman v. City of El Reno, 4 Okla. 638, 46 Pac. 495; Town of Norman v. Teel, 12 Okla. 69, 69 Pac. 791. The case of Connally et al. v. Wood, 39 Okla. 186, 134 Pac. 869, is strongly in point. Defendants excavated a lot to bring it down to the level of the street. The plaintiff lived on adjoining lot, and the excavation extended up to within 2½ to 5 feet of the house in which she lived. The usual way to the house was a path along this narrow space which had been used for sometime before the excavation was made, and plaintiff in passing this way at night fell into the excavation and was injured. Mr. Commissioner Rosser, who rendered the opinion in the case, stated:

"If the plaintiff was, as she says, merely passing around her house for the purpose of reaching the street, she cannot be charged with contributory negligence, as a matter of law, because she happened to step too near the edge of the embankment. The force of habit is strong, and it cannot be said that a person is guilty of negligence by falling or dropping back into habits that they have had for a period of time. In this case the plaintiff had for months been accustomed to use the way without being exact to the inch as to where she must step. It was only natural that she would, through force of habit, drop into the old custom and step too near the brink. It was for the jury to say whether or not a reasonable person should have anticipated that she would do so, and that upon her doing so the earth would crumble and cause her to fall."

The courts have often defined contributory negligence; but each case must rest upon its own particular facts, and our Constitution makes the jury the sole judge of the facts, and in the absence of error on the part of the trial court, if there is any competent evidence to support its verdict, the same is final.

The judgment of the lower court is affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, COCHRAN, and HARRISON, JJ., concur.