## CITY OF ENID v. SMITH.

No. 21823.   Feb. 20, 1934.

Dyer, Smith & Crowley, for plaintiff in error.

Harry C. Kirkendall, for defendant in error.

PER CURIAM. This is an action commenced by George Smith, hereinafter called plaintiff, against the city of Enid, a municipal corporation, hereinafter called defendant, to recover damages in the sum of $13,358, which plaintiff claims to have sustained by reason of the negligent act of the defendant in failing to keep its sidewalks in a reasonably safe condition for public use in the ordinary and usual mode of travel, and that by reason of the failure of the defendant to perform this duty plaintiff sustained the injuries complained of in his petition.

Plaintiff alleged that he sustained certain injuries from a fall upon the sidewalk which was defective and was not maintained by the defendant in a condition for the use of the public in the ordinary and usual mode of travel.

The defendant denied primary negligence upon its part and pleaded contributory negligence upon the part of the plaintiff which caused his injuries, if any.

Plaintiff ·denied contributory negligence, upon his part, and the pleadings thus filed formed the issues which were submitted to the jury for its consideration.

The instructions of the court contained every legal principle involved in the case relating to personal injuries, and the evidence presented by the plaintiff sustained the allegations in the petition.

The jury returned a verdict in favor of the plaintiff and assessed his amount of recovery in the sum of $1,325.

Where there is evidence on the question of negligence on which reasonable men might differ as to the .facts established, or from the inference to be drawn therefrom, the question is one for the jury. Bruce v. McIntosh, 57 Okla. 774, 159 P. 261; Shawnee Elec. & Gas Co. v. Griffith, 96 Okla. 261, 222 P. 235.

"A municipal corporation is bound by law to use ordinary care and diligence to keep its streets and sidewalks in a reasonably safe condition for public use in the ordinary mode of traveling, and if it fails to do so, it is liable for injuries sustained by reason of such negligence; provided, however, that the party injured exercises ordinary care to avoid the injury. Ordinary care, as applied to this class of cases, means that degree of care and caution which might reasonably be expected from an ordinary, prudent person under the circumstances surrounding the party at the time of the injury, and this is a question of fact for the jury to determine. City of Stillwater v. Swisher, 16 Okla. 585, 85 P. 1110.

And the court held in that case as follows:

"Where a disputed question of fact is submitted to a jury in the trial court under proper instructions, the finding of the jury on such question of fact and the judgment of the court thereon will not be disturbed by this court where the record shows evidence reasonably tending to support such findings." City of Guthrie v. Finch, 13 Okla. 496, 75 P. 288.

In the case of M., K. & T. Co. v. Wolf, 76 Okla. 195, 184 P. 765, the court used the following language:

"The rule established in this state is that when a city has opened or dedicated to the use of the public a street, it is incumbent upon it to keep the entire width of such street in a reasonably safe condition for ordinary travel."

The testimony in the record discloses by many witnesses that there was a depression the entire width of the sidewalk and that bricks were irregular and scattered about promiscuously; that this condition had existed for many years. This condition presented a question of fact for the jury to determine in relation to the negligence of the defendant. It would have been error for the trial court in view of this evidence to have sustained a demurrer.

The defendant claims error by reason of the refusal of the court to give instructions Nos. 1, 2, 3, 4, 5, 6, and 7. The instructions offered by the defendant are only a repetition of the instructions given by the court, and the court did not err in refusing to give the offered instructions requested by the defendant.

We find in defendant's brief the following admission:

"While there are other assignments of error, chiefly with reference to requested instructions, we have to say the instructions the court gave, in a measure, covered the points of law suggested by the offered instructions, yet we do not feel that they were sufficiently complete. However, plaintiff in error is complaining chiefly on the ground that the court refused to sustain the demurrer to plaintiff's evidence, and we will rest our case on that assignment."

With this admission in the record contained in the brief of the defendant, the only issue presented upon which it contends there was error in the record in the trial of the case, is the failure of the court to sustain a demurrer to plaintiff's evidence.

In view of the record as presented to this court, we find no error, and the case is therefore affirmed.

The Supreme Court acknowledges the aid of District Judge George Crump, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of the court for examination and report. Thereafter the opinion, as modified, was adopted by the court.