## EDSON v. THE CENTRAL RAILROAD COMPANY.

1. **Negligence**: WHAT IS COMPETENT TO PROVE: RAILROADS. In an action against a railroad company for injury to stock, evidence that the train was running at a high rate of speed, and that the bell was not rung or whistle blown, is admissible to establish the fact of negligence.

2. ———: INSTRUCTION: RAILROADS. The court instructed the jury to the effect that if defendant's employes saw the cow so near the track as to justify the reasonable inference that she was in danger, and they could, by the exercise of ordinary care, have avoided the injury and did not do so, they were negligent; and if, after discovering the cow, they were unable, by the exercise of ordinary care to avoid injury to her, they were not negligent: *Held*, that the instruction was not erroneous.

3. ———: JURY MUST DETERMINE WHAT CONSTITUTES. It is for the jury to determine, under the established facts of a case, whether the conduct of defendant's employes was ordinarily prudent and careful.

*Appeal from Marshall Circuit Court.*

MONDAY, OCTOBER 26.

ACTION before a justice of the peace for the alleged negligently killing of a cow by defendant on the line of its road. On appeal the cause came before the Circuit Court, where it was tried by a jury, and a verdict was returned, and a judgment rendered for plaintiff for $41.68, and costs. Defendant appeals. The material facts are stated in the opinion.

*Brown & Sears*, for appellant.

*J. C. Wyllis*, for appellee.

DAY, J.—I. The action of the court, in admitting evidence of the high rate of speed of the train, and that the bell was not rung nor the whistle blown, is assigned as error. A mere high rate of speed is not *per se* negligence. Neither is the failure to ring a bell or blow a whistle. We have no statute regulating speed, nor requiring that a bell shall be rung or a whistle blown. Whilst the running at a high rate of speed, without ringing a bell or blowing a whistle, would not, as a matter of law, constitute negligence, yet such

acts furnish very pertinent and competent evidence of negligence, from which a jury might find the existence of negligence as a fact. There was no error in the admission of this testimony.

II. The giving of the following instruction is assigned as error: "If the defendant's employes saw the cow upon the
2.——:—: track, or so near that it might reasonably be supposed under all the circumstances she would have
instruction:
railroads.
come upon the track and be in danger, and could, by the use of ordinary care and prudence have avoided the injury, and did not do so, the defendant was negligent, and if the cow was killed thereby, was liable. If upon the other hand the cow was not discovered upon the track, or so near, as that it might reasonably be supposed she would go upon the track and be in danger, in time to stop the train, or avoid the injury by the use of ordinary care, or if after discovering the cow the defendant's employes used ordinary care, and by the use of it were unable to avoid the injury, the defendant is not liable."

We discover no objection to this instruction. It really amounts to no more than a direction that if injury to the cow might reasonably have been anticipated, it was the duty of the employes of defendant to use ordinary and prudent measures to obviate it.

The court does not instruct that it was the duty of defendant to stop its trains when cattle are not on the track, but are quietly feeding near it, and beyond the reach of the train, as appellant assumes. Upon the contrary the jury are instructed that if, after discovering the cow, the defendant's employes used ordinary care, and by the use of it were unable to avoid the injury, the defendant is not liable. Taken altogether the instruction merely requires the use of ordinary care and prudence, and leaves the jury to determine whether such prudence and care were employed. And in the next instruction the jury are told that ordinary care is such as reasonable, prudent and careful men usually and ordinarily exercise under like circumstances.

We are unable to see how the doctrine of care could have been more fairly submitted to the jury.

III.  It is further urged that the evidence does not support the verdict.  The evidence tends to show that the cow was struck in a cut one hundred yards north of the depot, and at a place where defendant was not required to fence.  That there is a curve in the road one-quarter of a mile south of the station.  That when the train came round the curve, the engineer called the attention of the fireman to the cow, feeding two yards from the track.  That the train was moving at an unusual speed, and no whistle was sounded.  No effort seems to have been made to check the speed, nor to get the train, which was a freight train, under control, for some of the brakemen, it is shown, were sitting down.  It was for the jury, as a question of fact, under all the circumstances of the case, to determine whether or not, seeing the cow ahead in a cut, feeding within two yards of the track, and thus apparently not aware of the presence of the train, it was the exercise of reasonable care and prudence to approach at an unusually high rate of speed, without giving alarm, or taking measures to place the speed of the train under control.  And having determined the question adversely to defendant, the case is not such an one as to call upon us to interfere with the finding.

*3. ——: jury must determine: what constitutes.*

We discover no error in the record.

AFFIRMED.