# CHARLESTON.

J. A. TESTERMAN *v.* WALKER D. HINES, DIRECTOR GENERAL OF RAILROADS.

Submitted April 19, 1921.    Decided April 26, 1921.

1. RAILROADS—*Trainmen Discovering Animal Near Track Must Stop if Necessary.*

   If, in the exercise of the legal duty of a railroad company, through its servants in charge of its engines and trains, to

keep a reasonable look out for domestic animals trespassing upon its premises and so situated as to be in danger of injury by the running of such engines and trains, such servants discover such an animal standing near its track and in a situation suggesting probability of its getting on the track through fright or otherwise and suffering injury from their engine or train, it is the duty of the company, through them, to stop their engine or train or slacken its speed, if the safety of the animal requires such action, and to take such other reasonable precautions for its safety as may be necessary. (p. 550).

2.  SAME—*Negligence in Omitting Precautions for Animal's Safety Held for Jury.*

A court cannot say, as matter of law, that omission of such precautions is proper and justifiable, on the discovery of a cow standing eight or ten feet from the track and between it and an embankment, slope or hillside, the necessity therefor, under the circumstances, being a question for jury determination.  (p. 550).

3.  SAME—*Negligence in Assuming Animal's Safety Held for Jury.*

Whether, on discovery of an animal so situated, the servants of the railway company were negligent in their assumption of its safety without resort to precautions therefor and their failure to take them, until the animal had actually come upon the track or started to do so, is a question proper for jury determination, wherefore a demurrer to evidence should be overruled, in so far as it depends upon such circumstance. (p. 550).

4.  TRIAL—*Numerical Preponderance of Witnesses Does Not Authorize Grant of Demurrer to Evidence.*

Numerical preponderance of witnesses in favor of one of the parties to an action, in the trial of an issue wholly dependent upon oral evidence and the credibility of the witnesses, does not make it the duty of a court, in passing upon a demurrer to the evidence, to rule in favor of the greater number of witnesses. In as much as a jury could find otherwise upon such evidence, it is the duty of the court to overrule the demurrer in so far as it depends upon such preponderance in favor of the demurrant.  (p. 550).

Error to Circuit Court, McDowell County.

Action by J. A. Testerman against Walker D. Hines, Director General of Railroads. Judgment for plaintiff on demurrer to the evidence and a conditional verdict, and defendant brings error.                    *Affirmed.*

88 W. Va.

*Strother, Sale, Curd & Tucker,* for plaintiff in error.

*F. C. Cook,* for defendant in error.

POFFENBARGER, JUDGE:

The $150.00 judgment here complained of was recovered upon the theory of the negligent killing of the plaintiff's cow by the defendant. It was rendered upon a demurrer to the evidence and a conditional verdict found by the jury. Hence, there is a single assignment of error based upon alleged insufficiency of the evidence to sustain the cause of action alleged.

The cow was struck and badly injured by a light engine running forward and loose, that is, without cars attached to it, slightly up grade, at the rate of 18 or 20 miles per hour. Besides the engineer in his cab and the conductor in the fireman's cab, there were three men on the front of it. In view of the nature of the cow's injury and her suffering, one of the brakemen knocked her in the head with a coal pick or hammer.

There is considerable conflict in the evidence as to some of the circumstances. The plaintiff testified that the cow could have been seen from the engine for a distance of 330 feet, notwithstanding a curve in the track near the place of the injury, the injury having occurred east of the curve and not on it. He said he had placed his boy at the point at which she was standing, as the engine approached, as indicated by her tracks in the cinder, and then went back to a point in the middle of the track, 330 feet distant from the boy, and found that he was visible from that place. Men on the front of the engine say the cow was first discovered by them at a distance of 100 or 125 feet, but they admit they gave the engineer no signal or warning, until the engine had reached a point about 50 or 60 feet from her. As she was off of the track, when first observed, it seems to have been assumed that she could be passed with safety, until she wheeled around and got on the track. Then and not earlier, according to their testimony, two of the men on the front of the engine signaled the engineer to stop and the conductor, who had seen her when at a distance of 100 or 125 feet, gave him a verbal alarm. They say

they felt the emergency brake take effect immediately after the signals were given. Contradiction of this testimony is found in that of a girl who swore she saw the signals given by the brakeman and observed that the engineer did not see them as soon as they were given, because he was then looking backward instead of forward. There was no proof nor evidence as to the distance within which the engine could have been stopped under the circumstances. The conductor declined to express an opinion as to that and none of the other witnesses were interrogated about it. As a circumstance tending to show the signals were not promptly acted upon, it was proved that the cow was pushed along on the track by the engine for a distance of 117 feet from the point at which she was struck.

There is some inconsistency in the evidence as to the exact position of the cow when the engine approached and frightened her, the plaintiff impliedly saying she was close to the track and defendant's witnesses saying she was 8 or 10 feet from it, in a depression or sink-hole, with her head turned from it, and feeding from the grass or weeds on the slope. There is further conflict as to her manner of coming on the track. Plaintiff swore her tracks indicated that she had run along the track on the outside, a distance of 30 feet, and then 30 feet on the track, while defendant's witnesses said she had suddenly wheeled and gone upon the track in front of the engine.

Whether there was duty on the part of the defendant to take precaution against injury to the cow, on discovery of her position with reference to the track, as detailed by its witnesses, was a question proper for jury determination. She was within 8 or 10 feet of the track and her freedom of action restrained by the hillside or embankment she was facing. Under such circumstances, it is obvious that the jury could properly find and determine, in view of their common knowledge of the peculiarities and characteristics of such an animal, that it could not be safely assumed that she would not take fright and would remain in her position, on the approach of the engine. *Edson* v. *Central, etc., R. Co.,* 40 Ia. 47; *New*

*Orleans, etc., R. Co.* v. *Bourgeois,* 66 Miss. 3; *Little Rock, etc.,
R. Co.* v. *Trotter,* 37 Ark. 593. That being true, the conduct
of the brakeman and conductor, as stated by themselves, was
negligent. After discovery of the cow in the situation men-
tioned, they gave no alarm, until she started upon the track.
A jury would have been well within its province, in saying
they could not properly await developments, and were under
duty to give the alarm immediately upon the discovery of her
situation. Besides, if they gave the alarm, as they say they
did, and the testimony of the girl is true, as a jury could have
found, it was not immediately acted upon by the engineer.
Such a finding as to her statement is not precluded by their
assertions that the emergency brake was immediately applied.
The conflict between her statement and the testimony of the
defendant's witnesses as to that involves only a question of
credibility, which a jury could resolve in her favor. *Harman*
v. *Appalachian Power Co.,* 77 W. Va. 48. It is argued that her
position was such that she could not see what she said she
had observed, but that was a jury question also, inability
to see what occurred, from her position, not having been
conclusively shown. It is manifestly not impossible to see a
man on the front of an engine waving his hands, and another
in the cab, looking back, at a distance of 450 feet, after the
engine has passed.

Although the plaintiff's description of the position occupied
by the cow on the approach of the engine, as indicated by her
tracks, and that of the defendant's witnesses, differ somewhat
in terms, they are not clearly contradictory. It may have been
possible to see an object of the size of a cow or a boy situated
in the spot as described by defendant's witnesses, notwith-
standing an irregularity, niche or depression in the bank at
that point, from another point on the track 330 feet distant.
There is no proof of a test of that kind by any of them. Plain-
tiff said he could tell where the cow stood before she went
on the track or crossed it, and that she could have been seen
from that distance, as demonstrated by his actual test. The
fallacy of the argument submitted for the defendant is its in-
vocation of conclusiveness where there is none. If the cow

could have been seen for a distance of over 300 feet, a jury could say the defendant's servants were negligent in their failure to discover her at that distance. Four of them had nothing to do at the time, other than the keeping of a look-out.

As the engine was light, unloaded and running up-grade, a jury would be authorized to say it could have been stopped or brought under control within 330 feet. In the absence of evidence on that point, they could find the fact upon their common knowledge. Besides, upon the evidence considered as a whole, a jury could say there was no actual effort on the part of the engineer, to stop it, until the cow was struck; that the duty of out-look was omitted; that the signal given after admitted discovery was not given in time; and that the engineer negligently omitted to see it when it was given.

Upon this state of the evidence the trial court's judgment upon the demurrer cannot be disturbed and it will be affirmed.

*Affirmed.*